EX PARTE JOHN A. FERGUSON.

1. PRIVILEGE TAX.   *Charter of Coffeeville.   Construction.*
    The charter of Coffeeville does not authorize a tax on privileges, although it grants the right to levy taxes for certain purposes, and prescribes an *ad valorem* tax on all property within the corporate limits.

2. SAME.   *General law.   Municipal corporations.*
    Power to tax privileges is not conferred upon municipalities by Code 1880, § 587, which is restrictive of the power of taxation.   *Holberg* v. *Macon*, 55 Miss. 112, explained.

APPEAL from the decision of Hon. A. B. Fly, Chancellor of the Second District of Mississippi.

When imprisoned for violating an ordinance of the town of Coffeeville, which imposed a tax of fifty *per centum* on the State privilege tax, John A. Ferguson was discharged upon *habeas corpus*, and the town appealed.   The parties agree that this court, without reference to formalities, shall construe the charter (Acts 1880, p. 433), and decide whether the board of mayor and aldermen had power to levy and collect the fifty *per centum* from privileged dealers.

*R. J. Guthrie*, for the appellant.

1. The sixth section of the charter (Acts 1880, p. 436) is an express grant of a general power to tax, under which the town can levy any rate which the State has power to impose.   Burroughs on Taxation, 387.   The word " tax " must be taken in its ordinary and popular meaning.   *Green* v. *Weller*, 32 Miss. 650 ; Cooley Const. Lim. 72.   And as nothing in the charter limits the term, it includes privileges as well as property.   The intent of the seventh section is not to define the subjects of taxation, but to limit the tax on property, as Code 1880, § 587, limits that on privileges.   To construe the sixth as restricted by the seventh section is to make the

former surplusage, — a result which cannot be tolerated. Cooley Const. Lim. 71.

2. By fixing a point in Code 1880, § 587, beyond which municipalities should not assess privileges, the State empowered them to tax within the bound. This construction is placed upon the Act of 1875 in the case of *Smith* v. *Vicksburg*, 54 Miss. 615; and in *Holberg* v. *Macon*, 55 Miss. 112, the court uses these words: "The legislature, by the Act of 1875, authorized municipal corporations to levy privilege taxes." Sect. 587, Code 1880, which is a re-enactment of Acts 1875, p. 3, was passed, like the charter of Coffeeville, after these cases were decided and in view of this construction of the statute. By re-enactment without change the construction was adopted, and the charter did not expressly confer a power which the municipality possessed by general law.

*Golladay & Lester*, for the appellee.

1. Charters are construed strictly, and a power claimed must be expressly conferred, or be necessary and incident to the exercise of an express power. Cooley Const. Lim. 119, 394; *Leonard* v. *Canton*, 35 Miss. 189. Doubt as to the right to exercise a power is resolved against the corporation. *Pennsylvania Railroad Co.* v. *Canal Commissioners*, 21 Penn. St. 9, 22. Power to tax privileges cannot be derived from the sixth section of the charter, which, without enumerating the subjects of taxation, gives the right, in general terms, to levy taxes for the government and improvement of the town; or from the seventh section, which confers authority to levy an *ad valorem* rate on property within the corporate limits, but the provisions must be construed together, and the general words of the former limited by the special requirements of the latter. *Sykes* v. *Columbus*, 55 Miss. 115.

2. Power is not derived from the general law. It is not given, but limited, by § 587 of the Code. In *Holberg* v. *Macon*, 55 Miss. 112, the question was as to the constitutionality of the ordinance, and the power to levy a privilege tax was not decided to be conferred on corporations by the Act of 1875, regardless of their charters. That act was, however, construed, in the case of *Smith* v. *Vicksburg*, 54 Miss. 615, as a restriction on the power to tax conferred by charter.

CAMPBELL, J., delivered the opinion of the court.

The charter of the town of Coffeeville does not authorize the imposition of a tax on " privileges." The sixth section of the charter indicates the purposes for which taxes may be levied, and the seventh section specifies upon what the mayor and aldermen shall have power to levy an annual tax, *i.e.*, " upon property, real, personal, and mixed, situated within the corporate limits of said town, not to exceed one half of one per cent of the assessed valuation thereof." It is clear that this language does not embrace privileges obtained from the State by the payment of sums of money prescribed, and is confined to property which is assessed at a valuation for the purpose of taxation according to its value. Although privileges are sold for a price, they are not assessed as property at a valuation.

Power to tax privileges, is not conferred on any town by § 587 of the Code of 1880. That section is restrictive of the power of taxation, and contains no grant of authority to tax. The remark, in the opinion of the court, in *Holberg* v. *Macon*, 55 Miss. 112, with reference to the Act of 1875 as authorizing municipal corporations to tax privileges obtained from the State, was inadvertently made, and was erroneous. The point made in that case was not that the corporation could not tax privileges, but that there was unlawful discrimination in taxing certain privileges and omitting to tax others. The attention of the court was not called to a want of authority to tax any privilege, which is the question in this case.

*Affirmed.*