PHILLIPS V. THE MISSOURI PACIFIC RAILWAY COMPANY *Appellant.*

1. **Double Damage Act, Constitutionality of.** The former decisions of this court holding that the double damage act (R. S., sec. 809) is not in contravention of either the state or federal constitution, sustained.

2. **Constitutional Law : CONSTRUCTION : PRESUMPTION.** Acts of the legislature are presumed to be constitutional, and it is only where they manifestly infringe on some provision of the constitution that they can be declared void for that reason. In case of doubt, every possible presumption, not directly inconsistent with the language and subject, is to be made in favor of the constitutionality of the act.

3. **Revised Statutes, Section 2835, Constitutionality of.** Section 2835, of the Revised Statutes, is not in violation of article four, section fifty-three, subdivision seventeen, of the constitution

of Missouri, prohibiting the general assembly from passing "any local or special law regulating the jurisdiction of justices of the peace," nor is it a special act because directed against railroads alone.

4. **Special Law.** An act of the legislature which applies to and embraces all of a class of persons who are or may come into like situations or circumstances is not a special law.

*Appeal from Cooper Circuit Court.*—HON. E. L. ED-WARDS, Judge.

AFFIRMED.

*Smith & Krauthoff* for appellant.

(1) Section 2835, Revised Statutes, is in violation of article four, section fifty-three, subdivision seventeen, of the constitution of Missouri, which provides that the general assembly shall not pass any local or special law regulating the jurisdiction of justices of the peace. "A special law is one referring to a selected class." *Earle v. Board of Education*, 55 Cal. 489 ; *State ex rel. v. Wilcox*, 45 Mo. 465 ; *State v. Hermann*, 75 Mo. 340 ; Cooley's Const. Lim. 391 ; Bouv. Law Dic., Tit. "Special." It is not too late to raise this objection for the first time in this court. The question of jurisdiction is never waived. R. S., 1879, sec. 3519 ; *State ex rel. v. Griffith*, 63 Mo. 545 ; *Bateson v. Clark*, 37 Mo. 31 ; *Nance v. Ry. Co.*, 79 Mo. 196 ; *Graves v. McHugh*, 58 Mo. 499. (2) It is also in violation of the constitution of the United States, article fourteen, section one, which provides that no state "shall deny to any person within its jurisdiction the equal protection of the laws." Cooley on Constitutional Limtations, secs. 128, 129, and note ; Potter's Dwarris on Stat. and Const., pp. 52, 53 ; 1 Kent Com. 459 ; *State ex rel. Henderson v. Boone Co.*, 50 Mo. 317 ; *State v. New Madrid Co.*, 51 Mo. 86, 88 ; *Hall v. Bray*, 51 Mo. 293 ; *State ex rel. v. Wilcox*, 45 Mo. 465 ; *Thomas v. Board of Com.*, 5 Ind. 5 ; *Gentile v. The*

*State*, 29 Ind. 409 ; *Devine v. Comrs. of Cook Co.*, 84 Ill. 592 ; *Earle v. S. F. Board of Equalization*, 55 Cal. 490 ; *Williams v. Bidleman*, 7 Nev. 70 ; *State v. Hammer*, 42 N. Y. 435. (3) Section 809, Revised Statutes, is in violation of section one, article fourteen, amendments to the constitution of the United States, and section twenty, article two, section thirty, article two, section fifty-three, article four, and section eight, article eleven, of the constitution of Missouri.

*Draffen & Williams* for respondent.

That section 809, Revised Statutes, is constitutional, has been too frequently determined by this court, to be now seriously considered, and the judgment should be affirmed. *Spealman v. The Mo. Pac. Ry. Co.*, 71 Mo. 434 ; *Cummings v. The St. L., I. M. & S. Ry. Co.*, 70 Mo. 570 ; *Barnett v. A. & P. Ry. Co.*, 68 Mo. 56.

NORTON, J.—This action was commenced before a justice to recover double damages under section 809, Revised Statutes, for stock alleged to have been killed by defendant. Judgment was obtained in the justice's court, from which defendant appealed to the circuit court, where judgment was again rendered for plaintiff, from which an appeal is prosecuted to this court.

It is argued by defendant's counsel that section 809, Revised Statutes, known as the double damage act, is in contravention both of the federal and state constitutions and, therefore, void. This question was considered in the cases of *Barnett v. Ry Co.*, 68 Mo. 56 ; *Spealman v. Ry. Co.*, 71 Mo. 434 ; *Humes v. Ry. Co.*, 82 Mo. 221, and in all of them the constitutionality of the act was affirmed. In the case last cited it is exhaustively considered by Commissioner Philips, who wrote the opinion, and we do not feel called upon to add anything to what is there said. Since the above cases were

decided the Supreme Court of the United States in the case of *Terry v. Mo. Pac. Ry. Co.*, (not yet reported), has expressly held said section 809, to be not repugnant to the constitution of the United States.

It is also insisted by counsel that section 2835 of the Revised Statutes, conferring jurisdiction upon justices of the peace of "all actions against any railroad company in the state to recover damages for injuring or killing horses, etc., without regard to the value of such animal or the amount claimed for killing or injuring the same," is in violation of section fifty-three, subdivision seventeen, article four of the state constitution, and is, therefore, void. The section on which the argument is based is as follows: "The general assembly shall not pass any local or special law regulating the jurisdiction of justices of the peace."

In the determination of a question involving the constitutionality of a law, it is a settled rule for the guidance of courts that the acts of the legislature are presumed to be constitutional, and it is only where they manifestly infringe on some provision of the constitution that they can be declared void for that reason. In case of doubt every possible presumption not directly inconsistent with the language and subject matter is to be made in favor of the constitutionality of the act. *State v. Able*, 65 Mo. 357. Guided by this rule we can reach no other conclusion than to pronounce the act in question valid. Section 2835 is a general and not a local or special law. It does not apply alone to a single justice of the peace, or to the justices of a single county, nor does it give to justices of the peace of one county a different jurisdiction from that given to all the justices of all the counties in the state, but it applies alike to all the justices in every county, and confers like jurisdiction upon all of them in the class of cases to which it refers. It cannot, therefore, be properly claimed that said section of the statute is in violation of the section

of the constitution invoked by defendant, which forbids the legislature from passing a local or special law regulating the jurisdiction of justices of the peace. The legislature has the undoubted right by a general law to regulate the jurisdiction of such justices, and it has done nothing more than this in the enactment of said section.

It is also insisted that said act is special because it is directed against railroads alone. If the act had provided that justices of the peace should have jurisdiction of cases against a single railroad only, it might be subject to the objection urged, but it does not so provide; it does not apply only to one railroad of a class, but it applies to all railroads in the state as a class. Class legislation is not necessarily obnoxious to the constitutional provision relied on. "It is a settled construction of similar constitutional provisions that a legislative act which applies to and embraces all of a class of persons 'who are or may come into like situations and circumstances' is not partial." *Humes v. Railroad*, 82 Mo. 221, and cases cited. Judgment affirmed, in which all concur.