## CITY OF VICKSBURG *v.* SUN MUTUAL INSURANCE COMPANY.

1. STATUTES.   *When general.*

   A statute which operates alike upon all cities which are or may come into like situations or circumstances, is not local but general.

2. SAME.   *Privilege taxes.   Insurance companies.   Municipalities.   Laws 1882, p. 166.*

   Act of 1882 (Laws, p. 166) authorizing Vicksburg and other cities and towns having a regularly organized fire department to levy a privilege tax on each fire insurance company transacting business therein, in order to raise funds for charitable firemen's associations, is not a local law, and therefore not within § 8, code 1892, saving local statutes from repeal by the enactment of the code.

3. REPEAL OF STATUTES.   *Code* 1892, § 3.   *"Subject."*

   Under § 3, code 1892, which repeals all acts and parts of acts, the "subjects" whereof are revised, consolidated or re-enacted in said code, the subject-matter is to be determined with reference to the substantive thing done by an act, not merely the purpose or mode of exercising the power conferred.

4. PRIVILEGE TAXES ON INSURANCE COMPANIES.   *Municipalities.   Laws 1882, p. 166.   Repeal.*

   The *subject* of said act of 1882 is the conferring of power on cities of a certain class to impose privilege taxes, and, the act being repugnant to § 3412, code 1892, embracing the same subject, and restrictive of the power of municipalities in that regard, was repealed by § 3 of the code.

FROM the chancery court of Warren county.

HON. CLAUDE PINTARD, Chancellor.

The case is stated in the opinion.

*Booth & Anderson,* for appellant.

While the subject of the act of 1882 is, in a general sense, taxation, it is taxation of a peculiar kind, and under certain

express limitations and for purely local purposes, and we submit that its subject-matter is not revised by the provisions of the code of 1892. The whole question is whether the act is a general or a local law, and whether, in any event, the subject-matter was revised by the code.

*Shelton & Brunini,* for appellee.

1. The subject of the act of 1882 was the power of cities to levy a privilege tax on insurance companies which had paid the state privilege tax. This subject was revised in § 3412, code 1892, and hence the act was repealed. The two statutes are directly repugnant. See *French* v. *State,* 52 Miss., 759; *Railroad Co.* v. *Weiner,* 49 *Ib.,* 725. Counsel for appellant mistake the purpose for which the act was passed for the subject-matter.

2. Section 5 of the act of 1882 applies to all cities and towns having a regularly organized fire department; this makes it a general act. In determining whether an act is general or local, regard must be had to the substance rather than to the form. 6 Ohio, 269; 83 Ill., 585. A law which operates on all standing in a certain relation or condition, is general. 39 Iowa, 112. And so is an act which applies to or embraces all of a class of persons who are or may come into like circumstances or conditions. 86 Mo., 540; 85 *Ib.,* 64; 77 Penn., 338; 84 Cal., 226; 21 Am. St. R., 780.

WHITFIELD, J., delivered the opinion of the court.

The appellee, the Sun Mutual Insurance Company, paid the privilege tax of $1,000 for the current year required by § 3352, code 1892, directly to the state treasurer, and received license from the auditor of public accounts. Notwithstanding this, the appellant, the Mayor and Aldermen of the City of Vicksburg, under the provisions of the act of March 9, 1882 (Laws, p. 166), imposed a privilege tax of $125 on appellee for transacting business in said city, and was proceeding to enforce its col-

lection, when appellee sued out the injunction in this case, restraining its collection, claiming that the act of 1882 was repealed by the last clause of § 3412, code 1892, which provides that "a tax shall not be levied by  .  .  .  municipal authorities on the privilege tax imposed on insurance companies which shall pay the tax levied as above directly to the state treasurer and receive license from the auditor of public accounts.    The appellant moved to dissolve the injunction on the face of the bill, which motion was overruled, and the appellant presents, by its assignment of error, the single question whether the act of 1882 is repealed by the last clause of § 3412, code 1892.

Section 587, code 1880, provided, as does § 3412, code 1892, that, where insurance companies paid the privilege tax therein provided directly to the state treasurer, and received license from the auditor of public accounts, no municipality should levy a tax on such privilege.    The act of 1882, section 1, empowered the city "to assess a privilege tax of $125 per annum on each fire insurance company transacting business in said city."    Sections 2 and 3 provide the machinery for the enforcement of the law, amongst other things, exacting from the holders of policies in companies that "have not paid the state and city taxes," a registration of such policies, and the payment of one fourth of one per cent. of the amount of such policies" into the city treasury, "to be appropriated to the support of the fire department," imposing penalties on them for failure so to do, and further providing, that, should they not register such policies as required, one fourth of the amounts of such policies, "in case of loss occurring under such policies," should be forfeited to the city, and collected by its authorities "for the support of the fire department."

Section 4 provided that, "upon the payment, by any company, to the Firemen's Charitable Association of Vicksburg, of one hundred dollars, such company should be exempt from the said tax of $125."    Section 5 provided that "this act shall extend to all cities and towns in the state where there is a regu-

larly organized fire department," but with the equitable pro-
vision that the amount of privilege tax to be levied on each
company in each such "other city or town" should bear
the same proportion to the $125 levied in Vicksburg that
the "net premium receipts of each company in each such other
city or town bears to the net premium receipts of such com-
pany in the city of Vicksburg." The act is entitled an act to
"confer certain powers on the board of mayor and aldermen
of the city of Vicksburg and other cities and towns, to enable
them to raise a fund for the firemen's charitable associa-
tion."

Chapter 108 of the code of 1892, on privilege taxes, con-
tains no reference to the act of 1882, but § 3412 re-enacts
§ 587, code of 1880, which was held in *Smith* v. *Vicksburg*, 54
Miss., 615, and *Ex parte Ferguson*, 59 Miss., 13, to be re-
strictive of the powers of municipalities in regard to levying
privilege taxes.

It is said in *Railroad* v. *Weiner*, 49 Miss., 725, adopting
the language of the supreme court of Massachusetts, "that a
subsequent statute, revising the whole subject-matter of a former
one, and evidently intended as a substitute for it, although it
contains no express words to that effect, must, on the princi-
ples of law, as well as in reason and common sense, operate to
repeal the former."

Section 3 of the code of 1892 provides that, "after the first
day of November, 1892, all acts and parts of acts the subjects
whereof are revised, consolidated and re-enacted in this code,
or repugnant to the provisions therein contained, are hereby
repealed," etc.

Appellant insists that the "subject" of the act of 1882 is
the creation of a fund for the benefit of the firemen's chari-
table association and the support of the fire department. The
substantive thing done by the act of 1882 is the "conferring"
upon Vicksburg and all other cities and towns in the state hav-
ing "regularly organized fire departments," the power to im-

pose the privilege tax named in the manner indicated in the
act; and, whilst it is true that the purpose for which the power
is conferred is the creation of the fund described, it must be
held that "the subject" of the act, within the meaning of sec-
tion 3, is the conferring of such power, and not the purpose or
mode of its exercise.   The title of the act itself sufficiently in-
dicates this.   The language of the title is "an act to confer
certain powers," etc., "upon the . . . city of Vicksburg
and other cities and towns," etc., "to enable them to raise a
fund," etc.

But it is urged that the act of 1882 is a local act, and hence
within the saving of § 8, code 1892.   In determining whether
an act is local or general, regard should be had to the substance,
and not the mere form given to the enactment.   *People* v. *Cooper*,
83 Ill., 585.   In *State* v. *Spaude*, 37 Minn., 322, the court says:
"A law, to be general, need not operate alike upon all the in-
habitants of the state or on all the cities or all the villages in the
state.   To require that would be utterly impracticable.   A law
is general which operates alike upon all the inhabitants or all the
cities or all the villages or other subjects of a class of such subjects
of legislation."   "All that is required of such law, in order that
it may be uniform, is that it equally affects all cities in like situa-
tions."   *Haskel* v. *Burlington*, 30 Iowa, 232; *State* v. *Wilcox*,
45 Mo., 458.   "So, an act which applies to and embraces all of
a class of persons who are, or may come into, like situations
or circumstances, is a general law."   *Phillips* v. *Railroad Co.*,
86 Mo., 540; *McAunich* v. *Railroad Co.*, 20 Iowa, 338.   See
Mr. Freeman's exhaustive note, 21 Am. St. Rep., 780, *et seq.*,
and *Nichols* v. *Walter*, 37 Minn., 264.   An excellent state-
ment of the true test is given in the Am. & Eng. Enc. L., vol.
23, p. 148: "If the objects of a statute are distinguished from
others by characteristics evincing a peculiar relation to the leg-
islative purpose, and showing the legislation to be reasonably
appropriate to the former and inappropriate to the latter, the
objects will be considered, as respects such legislation, to be a

class by themselves, and legislation affecting such a class to be general."

It does not appear whether there were any firemen's charitable associations, or any fire departments, in any other city than Vicksburg; and, whilst the act does not expressly so state, it seems to be its intent that fire insurance companies doing business in such other cities and towns could secure exemption from the proportioned privilege tax imposed on them in section 5 for doing business therein, by paying to the firemen's charitable associations, if any existed in such other cities and towns, a correspondingly proportioned part of the $100 required to secure for them such exemption in the city of Vicksburg. The act is crudely drawn, but it sufficiently appears that the scheme it propounded was to vest Vicksburg, and all other cities and towns in the state having regularly organized fire departments, with the power to impose such privilege tax, for the purpose of creating a fund for the benefit of firemen's charitable associations and the support of fire departments in all such cities. If section 5 were omitted, it would, of course, be local, but that section extends the benefits of the act, as applied to Vicksburg, *mutatis mutandis*, by equitable adaptation, to all other cities and towns in the state having regularly organized fire departments, selecting, thus, for the operation of the act, a class of towns and cities distinguished by this characteristic from all others. The act "deals with a condition of things," as said in *Haskel* v. *Burlington*, 30 Iowa, 232, "and attaches to it certain consequences, so that whenever that condition exists, the consequences follow."

The act of 1882 is, therefore, a general act. Its subject—the power of municipalities to levy privilege taxes upon fire insurance companies which have paid the privilege tax provided in § 3352, code of 1892, directly to the state treasurer and received license from the auditor—is revised in § 3412 of said code, and the last clause of said section is repugnant to and repeals said act of 1882. Wherefore, the decree is

*Affirmed.*