WIRT ADAMS, STATE REVENUE AGENT, *v.* WILSON K. M. DUCATE.

1. MUNICIPALITIES. *Biloxi. Laws* 1888, *p.* 206, *ch.* 167. *Taxation. Personal property.*

   The town of Biloxi, under its special charter (Laws 1888, ch. 167, p. 206), is not empowered to levy taxes on personal property.

2. SAME. *State revenue agent.*

   Where a municipality is without power to levy a tax on personal property, acting through its own legally constituted fiscal officers, the state revenue agent cannot compel it to levy such tax.

3. SAME. *Taxing power. Construction.*

   A taxing power cannot be vested in a municipality, nor a restricted grant of power expanded, by judicial construction.

FROM the circuit court of Harrison county.

HON. R. L. BULLARD, Special Judge.

The tax assessor of the town of Biloxi, on the order of state revenue agent, Adams, the appellant, assessed Ducate, the appellee (and others), for back taxes on personal property as upon property which had escaped taxation for a number of years, and notice was given as required by law. Laws 1894, p. 29. Ducate, the appellee, appeared before the municipal authorities and objected, and the assessment was vacated. From the order vacating the assessment Adams, state revenue agent, appealed to the circuit court, where the order was affirmed, and Adams appealed to the supreme court.

*S. H. Doty,* and *J. B. Stirling,* for appellant.

Our contention is that under the charter which gave the city power to assess realty, to impose a tax upon privileges, and power to assess vendors of vinous and spirituous liquors an amount not to exceed fifty per cent of the amount levied for state purposes, and such establishments as may be authorized and put to use or rent, conferred upon the municipality a right to tax personal property.

If the state had imposed a tax on the licenses of retail liquor dealers, such licenses being franchises and subject to taxation, the town of Biloxi, under the latter clause of sec. 16 above quoted, could have collected a tax on said licenses.

This court decides that a tax imposed on liquor dealers was not a privilege, but a tax on the franchise, the language used authorizing the tax being similar to the language used in the latter clause of sec. 16 of the charter of the town of Biloxi. *Portwood* v. *Baskett,* 64 Miss., 213.

Under the constitution of 1869, art. 12, sec. 20, all property was required to be taxed in proportion to its value, and when the legislature conferred upon the municipality the power to impose taxes for its support, the limitation to real estate was void. This was in effect the same as giving to the municipality the power to tax all property and then exempting from taxation personal property, as was done in the Kuykendall case, to which

case we refer with confidence in support of our contention that the personal property assessed was liable to taxation, and the circuit court erred in affirming the action of the mayor and board of aldermen in vacating the assessment in this case. *Adams* v. *Kuykendall,* 83 Miss., 571.

*Ford & White,* for appellee.

The power to tax, granted to the town of Biloxi, is contained in sec. 16 of the charter.

It will be seen by reference to this section that the extent of the power to tax was limited to the power to tax real estate only, and by that section it was expressly provided that the sources of revenue of the corporation should be derived from establishments (meaning market houses and other like establishments) which may be authorized and put to use or rent, from taxes on privileges, from fines, and from taxes on real estate provided in said section. It will thus be seen that the power to tax real estate was given to the town by the charter, while no power was conferred on it to tax personal property.

TRULY, J., delivered the opinion of the court.

The charter of the town of Biloxi provides: "That the resources of the corporation may be derived from such establishments as may be authorized and put to use or rent, and from the taxes on privileges granted under the provisions of this act, and from the fines to be assessed for the violations of its ordinances, and the mayor and aldermen are hereby authorized to levy and collect for the use of said town on all real estate within the corporation which is by law taxable for state purposes; *provided,* that said tax shall not exceed in any one year one-fourth of one per cent upon its assessed value; and said mayor and aldermen shall have power to tax vendors of vinous and spirituous liquors an amount not to exceed fifty per cent of the amount levied for state purposes."

This constitutes the sole authority which the municipal

authorities possess with regard to the levying of taxes, and, as the power of the revenue agent is purely a derivative one, it also defines the scope of his authority in the premises. It will be noted that by the fundamental law of this municipality its resources are to be derived from certain specifically and definitely designated sources. It is not granted any general authority to levy taxes, but merely a restricted power to levy on a certain specifically denominated species of property. The principle of law that a municipality can only exercise such general power of taxation as is delegated to it by the state is of such universal acceptation as to be now both unquestioned and unquestionable. If the sovereign does not expressly delegate power to tax to a municipality, it can levy no taxes for general purposes by any inherent power. In the instant case we find that the city of Biloxi was not granted any power to assess any tax on any class or species of personal property. Being without power to make such levy, acting through its own legally constituted fiscal officers, the revenue agent cannot compel it to levy such tax. This distinction is plainly recognized in the case of *Adams, Rev. Agt.,* v. *Kuykendall,* 83 Miss., 571 (35 South. Rep., 830). That case was one where the legislature, having granted a municipality full and complete power to assess taxes upon every species of property, both real and personal, undertook to except from the operation of this general grant of power a certain specially favored class of solvent credits, and this exception was held to be invalid, as being in contravention of the "uniformity and equality" clause of the constitution. But in that case the court says: "It may be taken as an established doctrine that municipalities derive their power of levying taxes for general purposes only through a delegation from the state. The sovereign power of taxation is vested solely in the state." In the instant case the sovereign did not choose to grant the city of Biloxi a general and unlimited power to levy taxes, and no taxing power can be vested in a municipality, nor can a restricted grant be expanded, by

judicial construction. This would be legislation. The authorities of the municipality being without power to levy the tax which the revenue agent seeks to have imposed and collected, it follows that the judgment of the circuit court in refusing to command them to do an unwarranted and void act was correct.

*Affirmed.*