## Southern Coal Company *v.* Yazoo Ice & Coal Co.

### [80 Sotuh. 334, Division A.]

1. CORPORATIONS. *Incorporation. Curative statute.*

   The requirement that a corporation file its report with the secretary of state within thirty days after organization thereof, as provided under the Code of 1906, section 930 (Hemingway's Code. section 4104), having been prescribed solely by the legislature, may be dispensed with by it, within the limitations of the Constitution, by a law passed after a corporation has failed to meet the requirement.

2. SAME.

   In other words, a formality to be observed either in the organization of a corporation or by it after its organization, which the legislature could have dispensed with in advance, may be dispensed with by the legislature after the time for the observance of it has passed.

3. STATUTE. *Local or special laws. Corporations.*

   In order to violate either section 87 or section 88 of the Constitution, a statute must be either special or local and Acts of 1912, chapter 140, authorizing a corporation to file a report of its organization after the time limited by the Code of 1906, section 930 (Hemingway's Code, section 4104), being neither a special nor local act, does not violate section 87 or 88 of the Constitution.

4. CORPORATIONS. *Constitutional provisions. Organization. Curative statutes.*

   Section 180 of the Constitution, requiring corporations to commence business within two years from the grant of its charter or franchise, is not violated by the Acts of 1912, chapter 140, authorizing a corporation to file a report of its organization after the time limited by the Code of 1906, section 930 (Hemingway's Code, section 4104).

APPEAL from the circuit court of Yazoo county.

HON. W. H. PORTER, Judge.

Suit by the Southern Coal Company against the Yazoo Ice & Coal Company. From a judgment against plaintiff on demurrer, it appeals.

The facts are fully stated in the opinion of the court.

*Green & Green,* for appellants.

Appellees liable as co-partners under the Constitution of Mississippi. By section 930 of the Code, it is expressly provided: "Every corporation organized under this chapter shall, within thirty days after such organization, make report thereof to the secretary of state, who is required to furnish blank forms for that purpose, as provided for in the next section. The secretary of state shall enter each report and index the same in a record to be kept in his office for that purpose. Should such report not be made in the time required, the charter granted shall be null and void, and all persons doing business thereunder shall be deemed and held to be partners in the business and liable as such."

By section 931, the secretary of state is required with each charter of incorporation granted under this chapter, to furnish a blank form of report of organization to be filled out and signed by the president and certified by the secretary and transmitted to the secretary of state for record in his office. The form of his report is so important as that it has been set forth at length in the Code.

Now, in *Bank of Miss.* v. *Wrenn,* 3 S. & M. 791, it was held that after the expiration of the charter of a bank it ceased to exist for any purpose whatever. Approved in *Nevett* v. *Bank,* 6. S. & M. 527.

In *Bank of Miss.* v. *Duncan,* 56 Miss. 172, this court, speaking through Justice CAMPBELL, said: "If, at the time of the passage of this act, there was anything due to appellant to which creditors or stockholders could maintain a claim in any of the courts in this state, it was within the power of the legislature to revive the bank for the purpose of collecting its assets, with a view to their distribution among such creditors and stockholders. But if the bank had ceased to exist by the limitation of time in its charter, as amended, and

if by its extinction, the rights of creditors and stock-holders expire, it was not within the power of the legislature to revive rights before extinguished, and authorize their enforcement. *Davis* v. *Minor,* 1 How. 183; *Hooker* v. *Hooker,* 10 S. & M. 599; *Stewart* v. *Davidson,* 10 S. &. M. 351; Cooley's Const. Lim., 355.

"It was firmly settled by the decisions of the high courts of errors and appeals of this state that banks in this state were subject to the operation of the common-law incident to the dissolution of a corporation, i. e., the extinction of all its rights and liabilities, except inso-far as changed by statute. *Commercial Bank* v. *Chambers et al.,* 8 S. & M. 9; *Coulter et al.* v. *Robertson,* 24 Miss. 278. And it was expressly declared that the rights of stockholders were not preserved by the Act of July 26, 1843, but were left to their fate as at common law, which was to perish. *Coulter et al.* v. *Robertson,* 24 Miss. 279."

By section 913 of the Code of Mississippi, it is provided: "A corporation, after its charter has expired or been annulled, may nevertheless be continued as a body-corporate for the term of three years thereafter, for the purpose of suing and being sued, and of enabling it to close up its concerns, to sell and convey property, and to divide the assets, but not for the purpose of enabling it to carry on other corporate business. This provision, however, shall not extend to cases in which it may be necessary to appoint trustees on judgment of dissolution."

Until 1890, there had been comparatively few corporations in Mississippi, and they had been of rather insignificant importance. By section 178 of the Constitution, it is provided—"Corporations shall be formed under general laws, only." By section 88, it is further provided: "The legislature shall pass general laws under which corporations may be created, organized, and their acts of incorporation altered." See *Perry* v. *Bank,* 77 So. 812.

Thus, the necessity of general laws and of a general application of the law is made manifest in these two sections, and the process of formation is uniform for all corporations in Mississippi, and when they fail to comply therewith, their status is accurately set forth in *Doolittle* v. *Ragland,* 100 Miss. 498, page 506.    See also *Hessig-Ellis Drug Co.* v. *Wilkins,* 76 So. 570.    In *Yazoo City* v. *Lightcap,* 82 Miss. 178, the uniformity requisite was thus prescribed, and the question whether those persons who had failed to become corporations could have these acts suspended for their benefit.    By the Constitution, section 1890, it is expressly provided: ''All existing charters or grants of corporate franchise under which organizations in good faith have not taken place at the adoption of this Constitution shall be subject to the provisions of this article;  and all such charters under which organizations shall not take place in good faith and business be commenced within one year from the adoption of this Constitution, shall thereafter have no validity;  and every charter or grant of corporate franchise hereafter made shall have no validity, unless an organization shall take place thereunder and business be commenced within two years from the date of such charter or grant.''

It thus appears that unless an organization shall take place thereunder and a business be commenced within two years from the date of the charter, every charter or grant of corporate franchise ''shall have no validity.''

In the instant case, there was a grant of a corporate franchise to the parties named, and under section 930 it was requisite that before there could be a complete corporate organization that this report should have been filed.    When it was not filed, then, in and of itself, as a time limit, upon the expiration of the thirty days, the charter became ''null and void.''    *R. R. Co.* v. *R. R. Co.,* 45 Calif. 373;    *U. S.* v. *Grundy,* 3 Cranch, 337; *Transit Co.* v. *City of Brooklyn,* 79 N. Y. 529;    *Conn.* v.

*Water Co.,* 110 Pa. 397; *Adams* v. *R. R. Co.,* 77 Miss. 255; *Wisconsin* v. *State,* 97 Miss. 571.

Under section 87 of the Constitution, there was no right to suspend the effect of a general law. By section 87 of the constitution, it is expressly provided: "No special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law shall be enacted." *R. R. Co.* v. *R. R. Co.,* 83 Miss. 762.

Now, this was either a new corporation in which case compliance had to be with sections 897 and 898, or it was a renewal of a corporation, and compliance had to be with section 898.

Now, by section 912, on the dissolution of any corporation "either by judgment or otherwise, all of its real and personal estate shall vest in the stockholders." Now there was a dissolution of this corporation by its failure to comply with the express mandate of section 935 under which its charter became null and void, and its incorporators liable as partners, and yet there was a suspension of the effect of section 912 by the re-creation out of the disintegrated elements of a prior existing corporation of that which was said to be by the legislature a new corporation.

Note further section 913 under which a corporation "after its charter has expired or been annulled," the case here, because it became null and void, may, nevertheless, be continued as a body corporate for the term of three years thereafter "but only for the purpose of" suing and being sued and of enabling it to close up its concerns, to sell and convey property and to divide the assets, but not for the purpose of enabling it to carry

on other corporate business.'' *Perkins* v. *Sanders,* 56 Miss. 733.

Now, under the common law, except as modified by statute, where a corporation ceased to be, the realty re erts to the grantors or the heirs, the personalty goes to the state and debts are absolutely extinguished. Statutory modification is requisite to change the rule.

When the charter ceases, we submit that it is impossible for the legislature to re-create out of the integral elements of that corporation that which has under the constitution, ceased to be, especially at a time when under the Constitution; it is said it cannot be done, and further, especially when a general law alone is to be made the creator of corporate existence. ·

In short, the legislature has lost its power to act under a rule of public policy adopted by the constitutional convention, and unless these rules are frittered away, it necessarily follows that the act in question is void, and that these parties, having done business and received the acts of appellants, are liable therefor.

*Barnett & Perrin, E. L. Brown* and *E. L. Mounger,* for appellee.

The appellant is in no position to complain of the alleged unconstitutionality of chapter 140 of the Acts of 1912. The Yazoo Ice & Coal Company filed its report of organization on the 8th day of April, 1912, as provided in said act and it operated as a corporation thereafter and the appellant dealt with it as a corporation and appellant's debt was contracted with it as a corporation more than five years afterwards. The appellant did not deal with the individual sued, nor did it know that they were stockholders in the corporation. But for the express provision of section 930 of the Code of 1906, none of them would have been liable for any debt of the company, even though no report had been made. *Rubber Co.* v. *Fohay,* 111 Miss. 654; 7 R. C. L. Corp., secs. 48 and 49, pages 67 and 68; 1· Fletcher,

Cyclopedia, Corp., sec. 305, page 628 and authorities therein cited.

No right of appellant was invaded by the Act of 1912 and the court will not pass upon the constitutionality of an act of the legislature at the instance of a party who is not in position to question it. *DeJarnett* v. *Hynes*, 23 Miss. 600; *Gibbs* v. *Green*, 54 Miss. 612; *Quinn* v. *State*, 82 Miss. 75; *Grenada Lbr. Co.* v. *State of Miss.*, 217 U. S. 433, 36 L. Ed. 826; *Y. & M. V. R. R. Co.* v. *Jackson Vinegar Co.*, 226 U. S. 217-220, 57 L. Ed. 193.

But the Act of 1912 is constitutional and valid. There can be vested no power to do wrong, and there is no vested right in an existing law. Hence the legislature could repeal the provisions of section 930 of the Code, even as to existing creditors who had contracted with the company as a corporation. 6 R. C. L., pages 309 and 311.

The legislature has the right to repeal a penalty, although at the time, there is an action pending for its recovery, and by such repeal the penalty falls, even if given to individuals. 6 R. C. L., sec. 305, 317; *Templeton* v. *Linn Co.*, 15 L. R. A. 730.

It is generally held that statutes imposing liability on officers and stockholders of corporations for failure to comply with prescribed requirements are penal and may be repealed at any time, even after an action has been commenced by a creditor without violating constitutional prohibitions; and a creditor has no vested right under such a statute against an officer or stockholder until he has recovered a judgment against him. 4 Fletcher, Cyclopedia, Corps., sec. 2607.

Such laws are not violative of the Constitution, although for the relief of a class and retroactive. It violates no vested right. *Phoenix Ins. Co.* v. *Pollard*, 63 Miss. 641; 3 Thompson on Corps., secs. 3040 and 3041; 6 Am. & Eng. Ency. Law (2 Ed.), 950-954.

But the legislature carefully preserved the rights of existing creditors. It simply waived the time of the filing of the notice, and did not dispense with the formality which it had prescribed for the organization of corporations, and even to creditors dealing with them, subsequent to the passage of the act. It required the filing of the notice and the appellant was such a creditor and was deprived of nothing, as the notice was filed.

"The power which prescribes the formalities to be observed in order to create a corporation may, without doubt dispense with any of these formalities." 1 Thompson on Corps. (2 Ed.), sec. 185.

The rule is that if the thing wanting or which failed to be done and which constitutes the defect in the proceeding is something the necessity for which the legislature might have dispensed with by prior statute, the legislature has the power to dispense with it by subsequent statute, and if the irregularity consists in doing some act, or in the method of doing it, which the legislature might have made immaterial by a subsequent law. 6 R. C. L., Constitutional Law, sections 309 and 310, pages 320 and 321.

The legislature could prescribe what was necessary to be done to create or organize a corporation. Under the Code of 1892, section 833, the procedure for obtaining a charter was entirely different from the procedure under the Code of 1906, section 898, and there was no provision for any report of organization, and what the legislature could authorize in advance, it could validate. *People* v. *Stitt,* 117 N. E. 784; *People* v. *Fifer,* 117 N. E. 790; *People* v. *Woodruff,* 117 N. E. 791. In these cases, every contention of counsel made in this case are fully discussed and answered.

It has been held that a special act to cure defects in the organization of a corporation is not within the constitutional prohibition against the creation of corporations by special act. Fletcher, Cyclopedia, Corporations, page 388.

And there are innumerable authorities holding that all sorts of defects in the organization of corporations can be cured and corporations can be created by legislative recognition of the existence of the corporations. 7 R. C. L. Corps., section 41, page 60.

But the Act of 1912 was not a special act, nor a local law, but a general law affecting all corporations or companies to which it was applicable. *Vicksburg,* v. *Ins. Co.,* 72 Miss. 67; 6 R. C. L. Constitutional Law, sections 370, 413, 414, and 415; Thompson on Corporations, sec. 156; *People* v. *Stitt,* 117 N. E. 784, *supra.*

There was an organization under the charter, and business was commenced thereunder and continued, as shown by the record; and section 180 of the Constitution has no application. The legislature is the sole judge as to when a general law can or cannot be applicable; so that even if the Act of 1912 was a special law it is not within the prohibition of section 87 of the Code for that reason. 1 Fletcher, Cyclopedia Corporations, page 445; 8 Cyc. 761 (6); *State* v. *Boone Co.,* 50 Md. 317, 11 Am. Rep. 415, 26 Am. & Eng. Ency. Law (2 Ed.), 683; *Guthrie Natl. Bk.* v. *Guthrie,* 173 U. S. 533, 43 L. Ed. 798; *State* v. *Hitchcock,* 81 Am. Dec. 503; *People* v. *McFadden,* 93 Am. St. 107.

There was no suspension of a general law for the benefit of any individuals or corporations. The Act of 1912 was a general law applicable to all of the class referred to therein. It released no liability already incurred. *Taylor* v. *Insurance Co.,* 101 Miss. 480.

But even if there was no valid charter at the time the debt sued on was contracted, as contended, yet the Act of 1912 repealed the portion of section 930 of the Code which made the stockholders liable as partners for the debts thereafter contracted and only the state can complain of the defect. 1 Feltcher Cyc., Corps., secs. 274, 276 and 304, pages 531 and 545, and 626; *Fargason* v. *Mercantile Co.,* 70 Miss. 67.

It is therefore respectfully submitted that the action of the court below was correct and its judgment should be affirmed.

SMITH, C. J.,—delivered the opinion of the court.

This is an action in *assumpsit* begun in the court below by appellant against several defendants alleged to be doing business as partners under the name and style of the Yazoo Ice & Coal Company. The declaration alleged that the Yazoo Ice & Coal Company was incorporated in February, 1908, but that its organization was not reported to the Secretary of State within thirty days, as provided by section 930, Code of 1906, section 4104. Hemingway's Code which provides that: "Should such report be not made within the time required, the charter granted shall be null and void, and all persons doing business thereunder shall be deemed and held to be partners in the business and liable as such."

Appellees filed a special plea setting forth that the corporation was duly organized under its charter and was engaged in business as such, and that on April 8, 1912, before the debt here sought to be recovered was incurred, "a complete report of the organization of said company was filed in the office of the secretary of state of Mississippi, as shown by the certified copy thereof under the hand of Joseph W. Power, Secretary of State, and which is filed herewith, as Exhibit B hereto, the same as if fully set out herein, pursuant to authority given under an act of the state of Mississippi, being chapter 140 of the Acts of 1912. . . . "

This plea was demurred to by appellant, and upon its demurrer being overruled it declined to plead further, whereupon judgment final was entered against it.

The requirement that a corporation file its report with the secretary of state within thirty days after the organization thereof, having been prescribed solely by

the legislature, may be dispensed with by it, within the limitations of the Constitution, by a law passed after a corporation has failed to meet the requirement. In other words, a formality to be observed either in the organization of a corporation or by it after its organization, which the legislature could have dispensed with in advance, may be dispensed with by the legislature after the time for the observance of it has passed.

No vested rights are disturbed by this statute, for the rights of creditors are expressly preserved by it, and the rights of stockholders cannot be disturbed by it for the reason that acting upon its provision is optional with them.

The sections of our Constitution which the statute is said to violate are Nos. 87, 88, and 180.

In order to violate either section 87 or section 88, the statute must be either special or local, and it is neither. *Vicksburg* v. *Insurance Co.*, 72 Miss. 76, 16 So. 257.

The provision of section 180 which it is said to violate is that: "Every charter or grant of corporate franchise hereafter made shall have no validity, unless an organization shall take place thereunder and business be commenced within two years from the date of such charter or grant."

The argument is that the report required to be made by the statute to the secretary of state is a step necessary to be taken in order to perfect its organization, and therefore, if the time within which this report can be made is extended for a period of more than two years from the date of its charter, a corporation will thereby be permitted to organize and commence business more than two years after such date.

The defect in this argument is the assumption that the report to be made by a corporation to the secretary of state is a step necessary to be taken in order to perfect its organization, for the report cannot be made until after the organization has been completed and

the penalty provided by the statute is imposed for the omission by the corporation to make the report after it has been organized.

*Affirmed.*