530 So.2d 141 (1988)
MORCO INDUSTRIES, INC.
v.
CITY OF LONG BEACH, Mississippi.
No. 57811.
Supreme Court of Mississippi.
July 27, 1988.
James K. Wetzel, Gulfport, for appellant.
Pete H. Carrubba, Long Beach, Harold J. DeMetz, Gulfport, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and ROBERTSON, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Morco Industries, Inc. (Morco) has appealed to this Court from a judgment of the Circuit Court, First Judicial District, *142 Harrison County, Mississippi, which affirmed an order of the City of Long Beach, Mississippi (City), denying a refund of ad valorem taxes collected on behalf of the Long Beach Municipal Separate School District. Morco assigns two errors in the proceedings below.
On April 1, 1979, appellant Morco Industries, Inc. entered into a lease agreement with Harrison County, Mississippi, whereby appellant would lease from the county an industrial facility for the manufacture of china and stainless steel goods. Construction of the $3.95 million facility was financed by issuance of industrial revenue bonds pursuant to the BAWI Act,[1] and the county retained ownership of the industrial facility's land, building, equipment, fixtures, and furnishings. The principal and interest of the revenue bonds were to be retired by rent receipts from appellant over the fifteen-year term of the lease, and at the expiration of the term appellant would have the option to purchase everything. Construction of the industrial facility was completed in 1981.
Under § 6.02 of the lease agreement appellant agreed to pay all lawful taxes of any kind for which it might be liable. Section 6.02 further provided:
Nothing contained in this Section shall be construed to mean that any property, real or personal, included within the Project and owned by the Issuer shall be subject to ad valorem taxation by Harrison County, Mississippi, the Issuer or any other political subdivision of the State of Mississippi.
The Issuer agrees to cooperate in securing any tax exemption to which either it or the Company may be or may become entitled under the Laws of the State of Mississippi or the United States and relating to the Project. The Issuer covenants that it will not take any affirmative action which may reasonably be construed as tending to cause or induce the levy or assessment of ad valorem taxes on the Project and that it will take any lawful, affirmative action, upon the reasonable request of the Company, in order to prevent the levy of ad valorem taxes on the Project. The Issuer and the Company agree to cooperate and use their best efforts to secure and retain all such applicable exemptions from ad valorem taxation.
The industrial facility leased by appellant was located within the Long Beach Municipal Separate School District, but outside the corporate limits of appellee City of Long Beach, a municipal corporation in Harrison County. Pursuant to the authority of Miss. Code Ann. § 21-33-15 (1972), the City collected from appellant municipal separate school district ad valorem taxes for the years 1981, 1982, and 1983 cumulatively totalling $44,103.84:

 Tax Year Realty Personalty
 1981 5,829.75 0
 1982 6,002.78 11,728.35
 1983 5,961.31 14,571.65
 _________ _________
 17,792.84 26,310.00

Appellant paid these taxes each year without protest or objection.
On August 29, 1985, appellant made application to the City for refund of the taxes named above, claiming that it was exempt from taxation and that the taxes had been erroneously paid. The Mayor and the Board of Aldermen of the City of Long Beach heard oral argument on appellant's application on October 15, 1985, and relief was denied. Appellant then appealed to the Circuit Court of the First Judicial District of Harrison County, which, on June 26, 1986, affirmed the City's decision denying relief.

I.

THE LOWER COURT AND CITY OF LONG BEACH, MISSISSIPPI, ERRED IN FAILING TO ACKNOWLEDGE AND TAKE JUDICIAL NOTICE OF MORCO'S STATUTORY EXEMPTION FROM AD VALOREM TAXATION ON ITS LEASEHOLD INTEREST IN REAL AND PERSONAL PROPERTY.

*143 II.

THE LOWER COURT AND THE CITY OF LONG BEACH, MISSISSIPPI, ERRED IN DENYING APPELLANT'S APPLICATION FOR REFUND OF ERRONEOUSLY PAID AD VALOREM TAXES ON CERTAIN REAL AND PERSONAL PROPERTY FOR TAX YEARS 1981, 1982 AND 1983, AND IN DENYING MORCO'S CLAIM FOR EXEMPTION FOR THE TAX YEAR 1984, NOT PAID UNDER PROTEST.
Under the two assigned errors, the first question to be addressed is whether or not Morco's leasehold interest in the industrial facility is exempt from ad valorem taxation. Morco relies upon Mississippi Code Annotated §§ 27-31-1(bb) (Supp. 1984); 27-31-33 (Supp. 1985); XX-XX-XXX (1972);[2] 57-1-47 (1972); and 57-3-33 (1972).
Section 27-31-1(bb) (Supp. 1984) provided:
(bb) All leasehold interests in any property, real or personal, belonging to the state of Mississippi, counties, districts, municipalities or any other political subdivision which are created prior to July 1, 1984, shall be exempt from ad valorem taxation unless such leasehold interest is, by statute, made subject to ad valorem taxation.
The section was repealed by implication and superceded by § 27-31-33 (Supp. 1985), which provides:
(1) All leasehold interests in any property, real, or personal, belonging to the State of Mississippi, counties, districts, municipalities or any other political subdivision, which were created prior to July 1, 1984, pursuant to a lease agreement or contract and which had been allowed an ad valorem tax exemption, or treated as exempt from ad valorem taxation, prior to July 1, 1984, shall be exempt from ad valorem taxation unless such leasehold interest is made subject to ad valorem taxation by statute or by the terms of the lease agreement or contract creating such leasehold interest.
(2) The exemption granted in this section shall not apply to a leasehold interest in property belonging to the Pearl River Valley Water Supply District;
(3) This section shall apply to assessments of real property for ad valorem taxation for the 1984 taxable year and each taxable year thereafter.
Morco contends that it has a leasehold interest in property owned by Harrison county, and because the interest was created by a lease agreement prior to July 1, 1984, the interest is exempt from ad valorem taxation. It cites § 57-1-47, which provides:
All enterprises acquired, constructed or owned by any of said municipalities under the provisions of sections 57-1-1 to 57-1-51, are declared the public property of each of said municipalities, and as such, shall not be subject to taxation.[3]
We think the statute most applicable to the question here is § 57-3-33. It provides:
The bonds authorized by this chapter, and the income therefrom, all mortgages or deeds of trust executed as security therefor, all lease or purchase agreements made pursuant to the provisions hereof, all purchases required to establish the industrial enterprise and financed by bond proceeds shall likewise be exempt from all taxation in the State of Mississippi except the contractors' tax imposed by section 27-65-21, Mississippi Code of 1972, and all projects and the revenue derived therefrom from any lease thereof shall be exempt from all taxation in the State of Mississippi, except the tax levied by section 27-65-21, Mississippi Code of 1972.[4]
*144 In Board of Supervisors of Lamar County v. Hattiesburg Coca-Cola Bottling Co., 448 So.2d 917 (Miss. 1984), the facts were practically identical to those of the present case. The Court held that § 57-3-33 allows an exemption from "all taxation" for private industrial projects financed by public industrial revenue bonds pursuant to the BAWI Act. The Court stated that the exemption was limited to ten years' duration by Mississippi Constitution § 182.
The City contends that Mississippi Code Annotated § 27-31-101 (Supp. 1985), an ad valorem tax exemption statute codified under the subheading "New Factories and Enterprises," prohibits the granting of an exemption after December 31, 1978, on ad valorem taxes for school district purposes. See Appendix to this opinion. Hattiesburg Coca-Cola, supra, does not address § 27-31-101, and the City argues that the portion of the statute prohibiting exemption from school taxes for new factories and enterprises is applicable here. However, we note that § 27-31-101 is not part of the BAWI statute, but is a separate general exemption statute. There is nothing in it to suggest the statute applies to BAWI Act enterprises. Rather, § 27-31-101 is of the class contemplated by Miss. Const. § 192[5] and is intended as a device to "encourage the establishment of manufactories" not within the scope of the BAWI Act.
To the contrary, § 57-3-33, supra, applies to enterprises qualifying under the BAWI Act and grants an exemption from "all taxation in the State of Mississippi." Again, § 27-31-101 relates only to ad valorem taxation and confers no authority for counties and municipalities to grant exemptions from state taxes.
The legislature may use its power to grant exemptions in a manner which divests its political subdivisions of certain taxing authority they would otherwise hold. The authority of political subdivisions to levy taxes is conferred and delegated by the legislature, in which the exclusive power to tax rests. Miss. Const. §§ 33, 70, 80, 112; City of Jackson v. Pittman, 484 So.2d 998 (Miss. 1986); City of Jackson v. Freeman Howie, Inc., 239 Miss. 84, 121 So.2d 120 (1960); City of Jackson v. Deposit Guaranty Bank & Trust Co., 160 Miss. 752, 133 So. 195 (1931); Adams v. Ducate, 86 Miss. 276, 38 So. 497 (1905); Ex parte Ferguson, 59 Miss. 13 (1881).
We are of the opinion that the intent of the legislature was to divest the state subdivisions of any authority to tax those entitled to exemption under § 57-3-33.
Therefore, based upon the statutes and Board of Supervisors of Lamar County v. Hattiesburg Coca-Cola Bottling Co., supra, we are of the opinion that Morco was entitled to exemption from all taxes, ad valorem and otherwise, for a period of ten (10) years from the date of completion of the project and that the lower court erred in ruling to the contrary.
The second question presented to the Court is whether Morco is entitled to refund of the forty-four thousand, one hundred three dollars eighty-four cents ($44,103.84) paid for Long Beach Municipal Separate School District taxes from 1981 to 1983. The only statute applicable to refund of taxes erroneously paid to municipal authorities is found in Mississippi Code Annotated § 21-33-79 (Supp. 1987). It provides:
The tax collectors of all municipalities are hereby authorized to refund erroneously-paid privilege or ad valorem taxes paid such municipalities. An applicant for such refunds shall submit application to the tax collector of any such municipality, and if such claim be found by the tax collector to be due, and is allowed, then the tax collector of said municipality shall issue a warrant to the claimant and *145 deduct the proper amounts from his next settlement.
In Stegall v. City of Jackson, 191 So.2d 134, 137 (Miss. 1966), applying a former statute, this Court said:
[T]he municipality is made the fiscal agent of the School Board. [Miss. Code Ann. § 37-7-615 (1972)] requires the governing authorities of municipalities constituting separate school districts to levy taxes upon taxable property of the district and collect taxes "in the same manner as the property within the municipality is assessed and taxes collected therefrom." It is therefore apparent that such collection of taxes by a municipality must be subject to the statute [Miss. Code Ann. § 21-33-79 (Supp. 1987)] providing for refund of taxes erroneously collected.
Section 37-7-615, which was the basis for the above statement, subsequently was repealed. Mississippi Code Annotated § 37-7-333 (Supp. 1987) now provides that "[t]he school boards of all school districts shall have full control of the receipt, distribution, allotment and disbursement of all funds which may be provided for the support and maintenance of the schools of such district ..." and that the tax collector shall "pay over all such school district taxes collected by him for the support of said school district directly to said superintendent of schools or administrative superintendent." The municipality is no longer the fiscal agent for its school district [§ 37-7-333], and, therefore, § 21-33-79 can no longer be relied upon as authority for a municipality to refund erroneously paid school taxes.[6]
The City properly and lawfully entered orders approving the land and personal assessment rolls of the Long Beach Municipal Separate School District for the years 1981-1984 and published notices to the citizens and taxpayers of the said school district that the rolls were ready for inspection and examination and that any objection to those rolls or to the assessments contained therein should be filed with the clerk of the City of Long Beach at her office on or before the date set forth therein; and that for said years, pursuant to the legal notices published, the rolls were equalized and final orders approving such rolls were entered. Not only did Morco fail to appear at any of the hearings on objections, if any, to the assessments contained in the assessment rolls of the district for the years 1981-1983, it also furnished the City tax assessor with its declaration of items of personal property without making any claim for exemption; and subsequently paid the taxes levied against it.
In City of Grenada v. Andrews, 214 Miss. 105, 110, 58 So.2d 382, 383 (1952) quoting Schmittler v. Sunflower County, 156 Miss. 227, 125 So. 534 (1930), the Court said:
It is the settled law of this state that, in the absence of a statute providing otherwise, taxes or license fees voluntarily paid without protest cannot be recovered, although assessed and collected without legal authority.
See also 25 A.L.R. 4th 186 (1983) and cases cited therein for the modern majority view, which coincides with this Mississippi authority.
The legislature has made statutory provision for the refund of erroneously paid amusement tax, corporate franchise tax, county school tax, estate tax, state income tax, interstate commercial carriers fuel tax, liquefied compressed gas tax, motor fuel tax, motor vehicle, ad valorem, excise, and privilege taxes, lubricating oil tax, sales tax, tobacco tax, withholding tax, as well as a comprehensive scheme for refund of any other ad valorem, excise, or privilege taxes erroneously paid to the state. However, we have not been cited to any statutory authority for the refund of municipal separate school district taxes made in error.
Morco makes no contention that it paid the school taxes involuntarily or under compulsion or duress and neither is there *146 any such indication in the record. Therefore, we are of the opinion that Morco is not entitled to a refund of the $44,103.84 in Municipal School District of Long Beach taxes regardless of the fact that it was exempt from such payment. We hold further that the protest of Morco and refusal to pay the 1984 school taxes is tantamount to a claim for the exemption and that Morco is exempt from all such taxation in the State of Mississippi from the tax year 1984 to the tax year 1990, inclusive. Mississippi Code Annotated § 57-3-33 (1972); Mississippi Constitution § 182.
The lower court erred in holding that Morco was liable for the ad valorem taxes levied against it by the City, but correctly held that Morco was not entitled to a refund. Thus, the right result was reached, and that part of the judgment, although for the wrong reason, is affirmed.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, PRATHER, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
GRIFFIN, J., not participating.
APPENDIX
County boards of supervisors and municipal authorities are hereby authorized and empowered, in their discretion, to grant exemptions from ad valorem taxation, except state ad valorem taxation. Provided, however, said governing authorities shall not exempt ad valorem taxes for school district purposes on tangible property used in, or necessary to, the operation of the manufacturers and other new enterprises hereinafter enumerated by classes, nor shall they exempt from ad valorem taxes the products thereof or automobiles and trucks belonging to the said manufacturers or other new enterprises operating on and over the highways of the state of Mississippi. Any request for an exemption must be made in writing within twelve (12) months from the date of completion of a new enterprise. The time of such exemptions shall be for a period not to exceed ten (10) years which shall commence from the date of completion of the new enterprise for which the exemption is granted.
Any exemption from ad valorem taxes heretofore granted to existing enterprises shall continue in full force and effect but only as to tangible property heretofore included in the exemption but not as to tangible property that may be later added as an addition or improvement to the exempt tangible property.
Any board of supervisors or municipal authority which has entered into an agreement prior to January 1, 1979, with a specific and new enterprise authorized to be exempt under the provisions of section 27-31-101, may grant an exemption under this section provided said agreement is in writing and the date of the agreement is certified by the chancery clerk or municipal clerk of the granting authority. It is the intent of the legislature to permit an exemption allowed under this section in those instances where the granting authority has in good faith negotiated with the new enterprise as to said exemption, and the agreement is reduced to writing and the date certified as provided in this paragraph, but to prohibit the granting of an exemption after December 31, 1978, under section 27-31-101 as to ad valorem taxes for school district purposes.

Miss. Code Ann. § 27-31-101 (Supp. 1985) (emphasis added).
NOTES
[1] The "Balance Agriculture With Industry" Act, a statutory program for the advancement of industry in Mississippi, is codified as Title 57, Chapter 3, Miss. Code Ann. (1972).
[2] Section 27-31-107 outlines the procedure by which one obtains county and/or municipal tax exemption as a § 27-31-101 new factory or enterprise. This exemption is separate and distinct from that claimed by appellant under the BAWI Act and therefore has no relevance to this discussion. See discussion of § 27-31-101 infra.
[3] The term "municipalities" includes counties. Miss. Code Ann. § 57-1-1(c) (Supp. 1987).
[4] This section is a part of the BAWI Act, which was adopted under the administration of Governor Hugh White.
[5] Section 192. Provision shall be made by general laws whereby cities and towns may be authorized to aid and encourage the establishment of manufactories, gasworks, waterworks, and other enterprises of public utility other than railroads, within the limits of said cities or towns, by exempting all property used for such purposes from municipal taxation for a period not longer than ten years.
[6] We note, to the contrary, the City's Reply Brief at page 3 states: "The Long Beach Schools concede that Section 21-33-79 authorizes the municipal authorities to refund erroneously paid taxes if petitioned to do so... ."