### CITY OF VICKSBURG *v.* J. & T. BUTLER.

TAXES. *Illegal. Voluntary payment.*

If a tax-payer, being pressed by the city collector, who calls several times for the money, finally, though objecting to the tax as illegal, pays because of the officer's threat to shut up his shop, the payment is not voluntary ; and if the tax is illegal, he may recover it back from the officer, if timely notice has been given, and, if not, from the city.

Error to the Circuit Court of Warren County.

Hon. U. M. Young, Judge.

The case is stated in the opinion of the court.

*Buck & Clark*, for the plaintiff in error.

The taxes were voluntarily paid by the defendants in error, and cannot be recovered back. *May* v. *Cincinnati*, 1 Ohio St. 268; *Cahaba* v. *Burnett*, 34 Ala. 400. And, the payment being voluntary, it is immaterial that the tax has been illegally laid, or even that the law under which it was laid was unconstitutional. Cooley on Tax. 566; 12 Wall. 209; 48 Me. 440; 15 Mo. 563; 29 Md. 415; 58 Ill. 403; 31 Pa. St. 73; 5 Kan. 412; 9 Cow. 674.

*Cowan & McCabe*, for the defendants in error.

The payment was not voluntary. *Tuttle* v. *Everett*, 51 Miss. 37; *Galveston* v. *Snyder*, 39 Texas, 236; *Ray* v. *Bank of Kentucky*, 3 B. Mon. 510; *Covington* v. *Powell*, 2 Metc. 226. A payment after threat of a distress of goods, or upon a demand made by one clothed with authority to enforce it, is not voluntary. Cooley on Tax. 568, 569.

Simrall, C. J., delivered the opinion of the court.

The question is, whether the defendants in error could recover the taxes paid to the collector of the city of Vicksburg. When is a payment involuntary and compulsory, in the sense that it may be recovered back?

In *Wahaunee County* v. *Waller*, 8 Kan. 436, the rule is said to be, "The payment must be made on an immediate and urgent necessity so to pay, — as, to release the person or property of the payer from detention, or to prevent an immediate seizure of the one or the other."

In Massachusetts (*Boston Glass Co.* v. *Boston*, 4 Metc. 181), it was held that payment to a collector, who has a tax-bill and warrant in the form prescribed by law, is to be regarded as a compulsory payment; and if such taxes were assessed without authority.

In *Preston* v. *Boston*, 12 Pick. 7, the court went further,

and ruled that a payment to prevent the issuing of a warrant of distress, and which must issue of course if the tax is not paid, is a compulsory payment.

The same rule was announced in *Grim* v. *School District*, 57 Pa. St. 434. There is the additional remark of "under protest, and notice of suit."

In Vermont, the rule is, if the payer expected, and had a right to expect, the warrant (to collect) would issue, and the collection be enforced with costs, and he paid to prevent such alternative, it is not voluntary. *Allen* v. *Burlington*, 45 Vt. 202 ; *Henry* v. *Chester*, 15 Vt. 469.

In *Tuttle* v. *Everett*, 51 Miss. 27, the money was in the hands of the *collector*. As a consequence of the decision of *Hawkins* v. *Board of Supervisors of Carroll County*, 50 Miss. 735, holding the subscription to railroad stock void, and bonds void, it was said : "The railroad company is not entitled to the money. Neither is the tax-collector. It must therefore belong to him from whom it was illegally exacted." The argument is, that the county was not entitled to the money ; that it ought not to have been paid to its treasurer. The case stands upon its peculiar facts, and the ground of it is in the above quotation. The doctrine, accepted as sound by the Supreme Court of the United States, as late as October, 1877 (95 U. S. 213), that compulsion or duress which will make a payment involuntary, is, that "there must be *actual* or *threatened* exercise of power possessed, or believed to be possessed, by the person exacting or receiving the payment, on the person or property of another, for which the other has no other means of immediate relief than by making payment."

In the previous case of *Erskine* v. *Van Arsdate*, 15 Wall. 76, which was a suit to recover back taxes paid, it is said they may always be recovered back, "if the collector understands from the payer that the taxes are regarded as illegal, and suit will be brought to compel the refunding of them."

The *relation* of payer and receiver of the money towards

each other is an important element in determining the nature of the payment, — whether voluntary or not.

If the parties are upon an equality, neither party having the advantage of the other, a payment is voluntary unless there is some application of force or threats, which makes the act compulsory,

But if the party demanding the money is the officer clothed with authority to enforce payment, the parties are not on equal terms, and there need not be the application of physical force, or threats which constrain the conduct of the party.

If the collector of taxes is clothed with authority under the law, at the time he demands the money from the taxpayer, to enforce payment by the arrest of the person or distress of property, and an illegal tax is paid to avoid the one or the other, and the payer brings to the notice of the collector, in any mode, that the tax is illegal, or that it is objected to for that reason, such payment is clearly a compulsory payment. It is not necessary for the payer to wait until his person has been arrested, or his property seized, before he makes the payment. He may anticipate the extreme course that the officer is compelled by his authority to take, and pay to avoid that alternative. That principle disposes of this case.

Butler, in his testimony, states that the collector pressed him for the money, — called several times. The firm objected to the tax as illegal, and paid because of a threat to shut up their shop.

The tax-payers brought to the notice of the collector that the tax was illegal, and the money was paid to avoid the extreme measures which might have been taken against them. We do not think this, within the just principle applicable, was a voluntary payment.

Some of the cases refer to a notice to the collector that suit will be brought to recover the money back. That notice is necessary, if the payer intends to sue the collector. After its receipt, if he pays it over to the proper treasury, he does so at his risk, and does not relieve himself from responsibility. If,

however, he pays over the money without such notice, suit can only be brought against his principal, — in this case, the city of Vicksburg.

As to the illegality of the tax, the case comes within the ruling in *Smith* v. *Mayor and Aldermen of the City of Vicksburg*, 54 Miss. 615.

Judgment affirmed.