CITY OF GRENADA *v.* ANDREWS.

Apr. 21, 1952.

No. 38341 (58 So. (2d) 382)

W. H. Fedric, for appellant.

**Stone & Stone,** for appellee.

**Arrington, J.**

The appellee, H. B. Andrews, plaintiff below, brought suit in the Circuit Court of Grenada County and recovered a judgment against the City of Grenada, defendant and appellant here, in the amount of $1,125 including legal interest for excess payments of privilege taxes wrongfully collected from him, and from this judgment the City of Grenada appeals.

The declaration as amended alleged that the City of Grenada under a void ordinance, had unlawfully collected from appellee a privilege tax license in the amount of $200 a year for a period of five years, 1947 to 1951 in-

clusive, for the privilege of operating a taxicab; that the lawful privilege tax fee as provided by ordinance was $5 a year; that the said taxes were paid on account of compulsion by the officers and agents of the appellant and were involuntary. The city in its answer admitted the appellee had paid the privilege tax of $200 per year from 1947 to 1951 inclusive; that the ordinance was void and that the lawful tax was $5 a year, but denied owing the amount claimed, contending that the privilege taxes were voluntarily paid by the appellee without protest, objection, or compulsion on the part of the city tax collector or the city.

The main assignment of error argued is that the court erred in overruling the motion for a directed verdict. The testimony of the plaintiff was that he received a notice from the city tax collector as follows: "Your privilege tax license will expire during the month of January, 1948, and must be paid before the end of the month in which it expires or 100 percent will be added, * * * one taxicab, $200.00"; that he paid the taxes because he thought it was right and what it was supposed to be; that he also talked to the city marshal about the payment of the tax and the marshal told him that he better pay it if he wanted to run his car; and that if he didn't pay it by the end of the month, to stop the car and not move it. Three other witnesses, who were also plaintiffs in similar suits against the city, testified to the same effect.

The sole question for determination on this appeal is whether the payments of taxes were voluntary or involuntary. In the case of Schmittler v. Sunflower County, 156 Miss. 227, 125 So. 534, 126 So. 39, the Court said: "It is the settled law of this state that, in the absence of a statute providing otherwise, taxes or license fees voluntarily paid without protest cannot be recovered, although assessed and collected without legal authority. It was so held in the case of Union Land & Timber Co. v. Pearl River County, 141 Miss. 131, 106 So. 277 * * *."

The appellee contends that the payments were involuntary and relies on the case of City of Vicksburg v. Butler, 56 Miss. 72. In this case the Court held:

"If the collector of taxes is clothed with authority under the law, at the time he demands the money from the taxpayer, to enforce payment by the arrest of the person or distress of property, and an illegal tax is paid to avoid the one or the other, and the payer brings to the notice of the collector, in any mode, that the tax is illegal, or that it is objected to for that reason, such payment is clearly a compulsory payment. It is not necessary for the payer to wait until his person has been arrested, or his property seized, before he makes the payment. He may anticipate the extreme course that the officer is compelled by his authority to take, and pay to avoid that alternative. That principle disposes of this case.

"Butler, in his testimony, states that the collector pressed him for the money,—called several times. The firm objected to the tax as illegal, and paid because of a threat to shut up their shop.

"The taxpayers brought to the notice of the collector that the tax was illegal, and the money was paid to avoid the extreme measures which might have been taken against them. We do not think this, within the just principle applicable, was a voluntary payment."

The evidence in the instant case does not show that the city tax collector did anything more than mail the notice that the privilege license would expire as was required to be done under the statute, Sec. 9696-212, supp. Mississippi Code of 1942. The evidence further shows that the appellee had paid his tax for several years, without objection and without protest. The record shows that the city marshal was not the city tax collector and it follows that he had no authority under the law to force or compel payment of the taxes in question. We do not think

that the case of City of Vicksburg v. Butler, supra, is applicable.

In the case of City of Jackson v. Newman, 59 Miss. 385, the Court said: ''The evidence shows that the appellee was spoken to by the tax collector of the town, and requested to pay the license fees as they became due under the ordinances; and that the tax collector stated to him that he would have to stop his team if the taxes were not paid, and thereupon the appellee went to the office of the collector, and paid the license fees, complaining, however, that the amount charged was exorbitant. Under what circumstances the payment of an illegal or unwarranted tax will be considered to have been made under compulsion, the authorities in the different States are widely divergent. In this state it is settled that, if at the time the demand is made the collector is armed with authority of law to seize the goods or arrest the party if the tax is not paid, and the party objects to its collection because of its illegality, but pays to prevent a seizure of his goods or the arrest of his person, the payment is compulsory and may be recovered back. City of Vicksburg v. Butler, 56 Miss. 72. On the other hand, if the payment is made by the party without objection, it cannot be recovered, although non-payment would have subjected him to criminal prosecution. Town of Tupelo v. Beard, 56 Miss. 532. In the case at bar, the collector had no authority, at the time he called the appellee for payment, to seize his property or arrest his person, nor was any suggestion made that either would be attempted. At most the statement was that the appellee would not be permitted to pursue his business unless the licenses were obtained. No duress of person or of property was threatened, and the payments were voluntarily made, and the appellee was not entitled to recover the same.'' In Schmittler v. Sunflower County, supra, it is also stated: ''The question of voluntary payment may be raised, however, under the plea of general issue, because the plaintiff must allege and prove that the payment of the tax was involuntary on

his part, and, as said in 37 Cyc., p. 1179(b), ██ ██ 'a payment is voluntary, in the sense that no action lies to recover back the amount not only where it is made willingly and without objection; but in all cases where there is no compulsion or duress nor any necessity of making the payment as a means of freeing the person or property from legal restraint or the grasp of legal process.' "

██ ██ We are of the opinion that under the evidence in this case and the above-cited authorities, the payments were voluntary and that the lower court erred in overruling the motion for a directed verdict.

Reversed and judgment here for appellant.

**McGehee, C. J.,** and **Hall, Lee,** and **Ethridge, JJ.,** concur.