405 So.2d 131 (1981)
A.C. LAMBERT, Sr., Chairman, Mississippi State Tax Commission
v.
MISSISSIPPI LIMESTONE CORPORATION.
No. 52910.
Supreme Court of Mississippi.
October 28, 1981.
James H. Haddock, Joe D. Gallaspy, Bobby R. Long, Jackson, for appellant.
Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, Charles M. Merkel, Clarksdale, for appellee.
Before PATTERSON, C.J., and SUGG and LEE, JJ.
PATTERSON, Chief Justice, for the Court:
The Mississippi State Tax Commission appeals from a decree of the Chancery Court of Coahoma County, wherein the trial court determined the Tax Commission must refund to Mississippi Limestone Corporation the amount of $14,980.06 plus interest from date of payment because Limestone was not operating a public warehouse subject to 5% sales tax as provided by Mississippi Code Annotated § 27-65-23 (Supp. 1981).
The State Tax Commission contends the trial court erred: (1) in failing to find the activity taxable under § 27-65-23; and (2) in accepting parol evidence to contradict *132 the terms of a written contract which on its face were clear, correct, and constituted the entire agreement between the parties with no understandings not specifically set forth therein.
The facts show that Mississippi Limestone Corporation, pursuant to an audit conducted by the State Tax Commission auditors, was assessed sales tax in the amount of $14,980.06 for the period January 1, 1976, to December 31, 1978. During this time, Limestone, based on a written agreement, furnished a storage facility located near Friars Point, Mississippi and certain handling services to MisCoa, a partnership composed of Mississippi Chemical Corporation and Coastal Chemical Corporation.
We are of the opinion the chancellor correctly determined that Limestone was not a public warehouseman subject to state sales tax. Although Limestone was operating a warehouse, Limestone had entered into an exclusive rental agreement with MisCoa and was not operating a warehouse open to the public within the purview of § 27-65-23 as quoted in pertinent part:
Upon every person engaging or continuing in any of the following businesses or activities, there is hereby levied, assessed and shall be collected a tax equal to five per cent of the gross income of the business, except as otherwise provided:
.....
Public storage warehouses;
It is the well settled rule that "[t]ax laws are to be strictly construed against the taxing powers and all doubt resolved in favor of the taxpayer." State Tax Commission v. Overstreet Investment Co., 194 So.2d 236 (Miss. 1967). In construing § 27-65-23, we refer to the State of Mississippi 1980 Sales and Use Tax Laws, Rule 67 which provides the following definitions:
RULE 67. Public Storage Warehouses.
Storage Warehouses:
A storage warehouse is a place where tangible personal property is kept and stored for a fee in the custody of a person operating a commercial business.
Rental of Storage Facilities:
Income derived from the rental of real property for the purpose of storing tangible personal property wherein the lessee has control of the facilities and the property stored is not subject to tax. Example  mini storage facilities.
This rule does not define the word "public" but explains what constitutes the operation of a storage warehouse. When strictly construing the statute and Rule 67, we are of the opinion Limestone was not operating a public warehouse. This was an exclusive storage contract for 5 years with an option to renew. The storage facility was built for the primary purpose of entering into an exclusive contract with MisCoa. MisCoa agreed to pay an annual rental fee of $3.00 per ton for 15,000 tons storage, and the fee remained the same regardless of the amount of fertilizer stored. Also, MisCoa could terminate the contract if Limestone stored the products of others.
We think Limestone was leasing the facility to MisCoa and thus was a non-taxable lease as defined in Rule 67. We reach this conclusion because the fee was a fixed annual payment which did not vary based upon the amount of personalty stored.
Turning to the second assignment of error that the trial court erred in accepting parol evidence to contradict the terms of the written contract which on its face was clear, correct and constituted the entire agreement between the parties, we are of the opinion it was proper to introduce parol evidence to explain the contradiction between the introductory paragraph of the agreement, paragraph six, and paragraph eleven as quoted below:
WHEREAS, Mississippi Limestone intends to erect a warehouse on the Mississippi River near Friars Point, Mississippi, with capacity for the bulk storage of 15,000 tons of fertilizer, and will have available storage facilities, personnel and equipment to unload, transfer into storage in the building to be built, act as warehouseman for the goods while in storage, remove from storage and load urea and mixed fertilizers; and
... .

*133 6. Subject to the provisions herein set forth, MisCoa agrees to pay to Mississippi Limestone, as an annual charge, the sum of $3.00 per ton of storage space actually available for the storage of product, for the following estimated capacity:
Two  3,000 ton bins; six  1,500 ton bins; total storage capacity to be furnished  15,000 tons.
.....
11. MisCoa is leasing only a portion of the facilities owned by Mississippi Limestone at that location. It is expressly understood and agreed that Mississippi Limestone will not store finished blended fertilizers in the remaining storage space. If such finished blended fertilizers are stored, MisCoa shall have the option, at its sole discretion, of terminating this agreement.
In paragraph 11, it appears MisCoa leases only a portion of the storage premises when, in fact, parol testimony explained the agreement was for rental of the entire storage capacity of 15,000 tons. The building was constructed to store about 15,000 tons. Thus, in fact, MisCoa leased the entire building at an annual set fee.
While parol evidence is inadmissible to contradict a written instrument, we think the parol evidence in this case served to explain the ambiguities existing in the written agreement and since it served to explain rather than vary or contradict the written instrument, we are of the opinion the chancellor did not err on this point. Clow Corp. v. J.D. Mullican, Inc., 356 So.2d 579 (Miss. 1978).
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.