632 So.2d 1315 (1994)
Charles A. MARX, Ph.D., Chairman, Mississippi State Tax Commission and Commissioner of Revenue, and the State of Mississippi
v.
Gordon BROOM and Moncile Broom; George H. Homich; Thomas G. Abernethy and Estate of Alice L. Abernethy and Thomas G. Abernethy, Executor; David Randal Burns, Executor of the Estate of Erit L. Burns; Hosea M. Ray and Merle B. Ray. C.A. Marx, Ph.D., Chairman, Mississippi State Tax Commission and Commissioner of Revenue, State of Mississippi and the State of Mississippi
v.
John E. and Iris MONTGOMERY, James A. and Virginia Ables, and James N. and Sue H. Airhart, John D. and Frankine B. Albritton, Charles A. and Beverly L. Angel, William L. and Ruby Appleby, Samuel E. and Darline J. Baker, Charles H. and Gloria C. Bassett, Harry E. and Charlotte S. Bennett, Jr., Warren K. and Mary F. Berner, Carl and Ellen H. Berry, Clair F. and Gladys C. Berry, Clarence B. and Alma E. Blocker, Henry W. and Rosamond N. Boardman, Galen D. Bonebreak, Emmett B. and Martha L. Bonewitz, Robert N. and Mabelle S. Bowers, Margaret E. Brand, Edward M. and Gladys S. Brennan, George L. and Nancy B. Brewer, Stanley M. and Ruth A. Brewer, James H. and Deirdre N. Bridewell, Francis O. and Alma T. Brown, Jerrold C. and Julia A. Brown, Robert C. and Shirley A. Brown, Robert W. and Vera E. Brown, William E. and Olive N. Bryan, Jr., Cornelius E. and Lucille E. Buckley, Ralph T. and Vera E. Bunten, Jr., Frank W. and Myrtle S. Burgess, Jr., Claude L. and Nikki L. Byrd, et al.
C.A. MARX, Ph.D., Chairman, Mississippi State Tax Commission and the State of Mississippi
v.
Arthur WINSTEAD, Thomas B. Abernathy, Arthur F. Adams, Roderick Adams, Jackson H. Ables, Jr., Charles C. Ainsworth and 494 other Appellees.
MISSISSIPPI STATE TAX COMMISSION
v.
John Thomas TODD and Philips T. Cooley.
Nos. 91-CC-00476, 91-CC-00474, 91-CC-00475 and 91-CC-00422.
Supreme Court of Mississippi.
February 24, 1994.
*1316 Michael Stribling, Bobby R. Long, MS State Tax Com'n, Jackson, for appellant.
Samuel L. Begley, John L. Maxey, II, Maxey Pigott Wann & Begley, Jackson, John Sharbrough, Ezell & Sharbrough, Mobile, AL, Mark Ezell, Ezell & Sharbrough, Butler, AL, J. Doyle Fuller, Montgomery, AL, for appellees John Todd and Philips Cooley.
James B. Persons, Hopkins Dodson Wyatt & Crawley, Gulfport, for appellees John and Iris Montgomery et al.
J. Brad Pigott, Maxey Pigott Wann & Begley, Jackson, Michael Kator, Washington, DC, for appellees Arthur Winstead et al.
Harris H. Barnes, III, Dossett Goode Barnes & Broom, Jackson, for appellees Gordon Broom et al.
Before PRATHER, P.J., and PITTMAN and SMITH, JJ.
SMITH, Justice, for the Court:
The Mississippi State Tax Commission appeals from the decision of the Chancery Court of Hinds County, which found that state residents who were also federal retirees were entitled to a refund of state income taxes paid under the state's unconstitutional tax scheme which taxed federal retirees while exempting the state's own retired employees.
These cases, consolidated for consideration, have their origins in Davis v. Michigan Dept. of Treasury, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989), in which *1317 the U.S. Supreme Court declared unconstitutional Michigan's taxation scheme, one similar to Mississippi's and numerous other states. The discriminatory treatment of taxpayers based on the source of compensation or pay was found to violate 4 U.S.C. § 111 when the source of the pay or compensation is the federal government.
Appellees in this case are all federal retirees who sought refund of state income taxes paid under the unconstitutional tax scheme as found in Davis. After being denied relief by the Tax Commission, appellees sought declaratory relief from the Hinds County Chancery Court. Based on Davis, the court found that the Mississippi tax scheme was unconstitutional and that the Davis decision was to be applied retroactively. That court further found that state law provides for refunds pursuant to Miss. Code Ann. § 27-7-313 (Supp. 1989) to the parties for the years 1985 to 1989.
After Davis and the filing of the appellees' actions for declaratory relief in 1989, the state legislature during the 1990 session amended the statute in an attempt to exclude the appellees and others similarly situated from the refund provisions of the statute. The chancery court found the 1990 amendment to be unconstitutional.
Some of the issues initially raised by the Tax Commission in bringing this appeal have since been resolved by U.S. Supreme Court. The question of whether the decision in Davis was to be applied prospectively or retroactively was decided in Harper v. Virginia Department of Taxation, 509 U.S. ___, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), which held that Davis was to be applied retroactively. In Barker v. Kansas, 503 U.S. ___, 112 S.Ct. 1619, 118 L.Ed.2d 243 (1992), the Supreme Court held that the principles of Davis also apply to federal military retirement benefits. There is no need to further discuss these questions.
The remaining issues concern the question of what relief, if any, the appellees are entitled to under the refund statute, § 27-7-313, and the consequences of the amendment of that statute.
The Todd group of appellees have cross appealed on the denial of their motion for certification of a class action.

DISCUSSION

1.

DID THE COURT ERR IN HOLDING RETIREES WERE ENTITLED TO REFUNDS?
Miss. Code Ann. § 27-7-313 (Supp. 1993) (Refund to taxpayer) provides as follows:
In the case of any overpayment of any tax, interest or penalty levied or provided for in article 1 of this chapter, or in this article, whether by reason of excessive withholding, error on the part of the taxpayer, erroneous assessment of tax, or otherwise, the excess shall be refunded to the taxpayer.
When, upon examination of any return made under this article, or under the provisions of article 1 of this chapter, it appears that an amount of income tax has been paid in excess of the amount properly due, then the amount of the excess shall be credited against any income tax then due from the taxpayer under any other return required by this article, or article 1 of this chapter, and any balance of such excess shall be certified to the state auditor of public accounts by the commissioner. The said auditor is hereby authorized to make such investigation and audit of the claim as he finds necessary. If he finds that the commissioner is correct in his determination, the auditor may issue his warrant to the state treasurer in favor of the taxpayer for the amount of tax erroneously paid into the state treasury.
The state treasurer shall withhold from all income taxes collected under the withholding and declaration of estimated tax provisions of this article, eighteen percent thereof, which shall be placed in a special fund, separate and apart from the general fund of the state, and used for the purpose of making refund under the income tax laws of this state. All refunds made under this article shall be made as quickly as possible upon receipt of the proper proof, as required by the state auditor. On or *1318 before June 30, 1970, and on June 30 of each year thereafter, the commissioner shall evaluate the claims of refunds pending and, by entry on the minutes of the commission, designate any portion of said special fund that can be reasonably expected to be in excess of the amount necessary to make refunds on pending claims. The commissioner shall forward a certified copy of said minutes to the state treasurer and the state treasurer shall then transfer the said sum so designated into the general fund of the state.
In order to obtain a refund, such employee shall attach to his return a copy of the withholding statement required to be furnished him by his employer as provided in section 27-7-311. The making of any refund shall not be conclusive of the tax due by any individual, but shall be made subject to the future audit of is return and the determination of his liability.
The lower court found that "[w]hen plaintiffs filed their action in this Court as aforestated, Mississippi via legislative enactment does [sic] provide for a refund." It is the contention of the Commission that under Miss. Code Ann. § 27-7-313 refunds are not to be given for a constitutional challenge but only for other errors or excessive withholding.
The statute clearly says that refunds shall be given in the case of "any overpayment of any tax ... whether by reason of excessive withholding, error on the part of the taxpayer, erroneous assessment of tax, or otherwise, the excess shall be refunded to the taxpayer." (emphasis added). The plain words of the statute say that any overpayment of Mississippi taxes for any reason shall be refunded to the taxpayer.
Other courts have construed similar language to include unconstitutional taxes. Liberty Glass Co. v. United States, 332 U.S. 524, 68 S.Ct. 229, 92 L.Ed. 142 (1947) (construing "overpayment" in the Internal Revenue Code to include unconstitutional taxes); Chesapeake & Potomac Tel. Co. v. City of Newport News, 194 Va. 409, 73 S.E.2d 394 (1952) (construing "erroneous or improper" assessment under the Virginia Code to include unconstitutional taxes); Community F.S.L. Ass'n v. Director of Revenue, 752 S.W.2d 794, 798 (Mo. banc 1988) (construing "overpayment" for purposes of the Missouri Code to include "illegally collected taxes."); Hackman v. Missouri Director of Revenue, 771 S.W.2d 77, 81 (Mo. 1989) (construing "overpayment" as including payment of a tax wholly unauthorized by law).
When the language used by the legislature is plain and unambiguous, such as the language here, and where the statute conveys a clear and definite meaning, as here, the Court will have no occasion to resort to the rules of statutory interpretation. State v. Heard, 246 Miss. 774, 151 So.2d 417 (1963). The courts cannot restrict or enlarge the meaning of an unambiguous statute. City of Hazlehurst v. Mayes, 96 Miss. 656, 51 So. 890 (1910); Hamner v. Yazoo Delta Lumber Co., 100 Miss. 349, 56 So. 466 (1911); and State v. Traylor, 100 Miss. 544, 56 So. 521 (1911).
Courts have a duty to give statutes a practical application consistent with their wording, unless such application is inconsistent with the obvious intent of the legislature. Thornhill v. Ford, 213 Miss. 49, 56 So.2d 23 (1952). Moreover,
It is the well settled rule that "[t]ax laws are to be strictly construed against the taxing powers and all doubt resolved in favor of the taxpayer."
Lambert v. Mississippi Limestone Corp., 405 So.2d 131, 132 (Miss. 1981), quoting State Tax Commission v. Overstreet Investment Co., 194 So.2d 236 (Miss. 1967).
We find that the statute provides for refunds and affirm the decision of the lower court.

2.

DID THE COURT ERR IN STRIKING DOWN THE 1990 AMENDMENT?
Miss. Code Ann. § 27-7-313 was amended by the 1990 legislature to be effective from and after January 1, 1990. The controverted provisions are italicized. The statute, as amended, reads as follows:
In the case of any overpayment of any tax, interest or penalty levied or provided *1319 for in Article 1 of this chapter, or in this article, whether by reason of excessive withholding, error on the part of the taxpayer, erroneous assessment of tax, or otherwise, the excess shall be refunded to the taxpayer.
When, upon examination of any return made under this article, or under the provisions of Article 1 of this chapter, it appears that an amount of income tax has been paid in excess of the amount properly due, then the amount of the excess shall be credited against other return required by this article, or against any other tax determined finally to be due if the taxpayer has failed to apply any tax finally due as required by the laws administered by the commission. Any excess after such applications shall be certified to the State Auditor of Public Accounts by the commissioner. The said auditor is hereby authorized to made such investigation and suit of the claim as he finds necessary. If he finds that the commissioner is correct in his determination, the Auditor may issue his warrant to the Sate Treasurer in favor of the taxpayer for the amount of tax erroneously paid into the State Treasury. No refund shall be granted under this article or under the provisions of Article 1 of this article unless a claim for same is made within three (3) years from the date the return is due, or within three (3) years from the final day of an extension period previously granted by the commissioner pursuant to the provisions of Section 27-7-50; however, the restrictions imposed by this section do not apply to those requests or claims made in compliance with subsections (2) and (3) of Section 27-7-49.
The State Treasurer shall withhold from all income taxes collected each month an amount necessary to make refunds expected to be approved by the State Auditor during the following month. This amount shall be placed in a special fund, separate and apart from the General Fund of the state, and used for the purpose of making refunds under the Income Tax Laws of the state. All refunds made under this article shall be made as quickly as possible upon receipt of the proper proof, as required by the State Auditor.
In order to obtain a refund, such employee shall attach to his return a copy of the withholding statement required to be furnished him by his employer as provided in Section 27-7-311. The making of any refund shall not be conclusive of the tax due by any individual, but shall be made subject to the future audit of his return and the determination of his liability. Bond requirements of Section 7-7-57 shall not apply to warrants for refund of income tax.

Nothing in this section shall be construed as authorizing a refund of taxes for claims made pursuant to the United States Supreme Court decision of Davis v. Michigan Department of Treasury, 109 S.Ct. 1500 (1989). These taxes were not incorrectly and/or erroneously collected as contemplated by this chapter.

In the event a court of final jurisdiction determines the above provision to be void for any reason, it is hereby declared the intent of the Legislature that affected taxpayers shall be allowed a credit against future income tax liability as opposed to a tax refund.
In her ruling the Chancellor held that the legislature could not amend the statute after the fact to allow the State to give federal retirees tax credits as opposed to tax refunds. The court specifically found that "a legislative enactment that deprives the citizen, as the taxpayers here, of such constitutionally protected rights without the opportunity to be heard violates both the Federal and State Constitutions. Therefore the amendment of the refund statute during the pendency of this action and post Davis does not accord with basic due process requirements. This Court therefore finds that Plaintiffs herein are entitled to a refund as provided by state law."
The Supreme Court in Brinkerhoff-Faris Trust & Savings Co. Hill, 281 U.S. 673, 682, 50 S.Ct. 451, 454-55, 74 L.Ed. 1107 (1930), a case on judicial extinction of a preexisting refund right, held:
Whether acting through its judiciary or its Legislature, a state may not deprive a person of all existing remedies for the *1320 enforcement of a right, which the state has not power to destroy, unless there is, or was, afforded to him some real opportunity to protect it.
By stripping the federal retirees of the right to file for a refund under § 27-7-313, without providing them any means of protecting those rights, the amended statute violated the retirees' Fourteenth Amendment right to due process.
There is further critical flaw in the amendment. Under the express language of the amended statute the only persons affected would be those making "claims pursuant to the United States Supreme Court decision of Davis v. Michigan Department of Treasury ..." or, in other words, former federal employees. By seeking to again discriminate against federal employees, as opposed to state or private sector employees, it appears that the drafters of this legislation and the Commission have missed a major component of Davis. If the tax scheme was unconstitutional because it discriminated against federal employees based on the source of their retirement income, the legislature could not remedy what it perceived as a problem by enacting a second equally discriminatory piece of legislation. If Mississippi cannot permissibly discriminate in the imposition of taxes on the basis of the source of the taxpayers' income, it should not discriminate in the allowance of refunds on the same basis. The amendment merely perpetuates the discrimination found unconstitutional in Davis.
The amended statute denies refunds but attempts to provide credit against future income tax liabilities as a remedy for the illegal taxation of the federal retirees. This proposed policy makes no provision for federal retirees who will have no future state tax liability whether as a result of death, moving outside the state, or having insufficient taxable income to warrant taxes. The income taxes paid to the state will probably exceed their future tax liabilities and will result in a loss of unused credits under the 1990 amendment. The result is that the legislature's plan is clearly deficient in providing a "clear and certain" remedy to federal retirees paying the unconstitutional income taxes.
The chancellor correctly found that the 1990 amendment was unconstitutional.

3.

DID "VOLUNTARY" PAYMENTS PRECLUDE REFUNDS?
The Commission argues that because the retirees' payments were "voluntary" they are precluded from recovery. Mississippi follows the majority view that taxes voluntarily paid can be recovered without protest and duress prior to payment unless there is a statutory exception. As this Court wrote in Morco Industries, Inc. v. City of Long Beach, 530 So.2d 141, 145 (Miss. 1988):
In City of Grenada, v. Andrews, 214 Miss. 105, 110, 58 So.2d 382, 383 (1952) quoting Schmittler v. Sunflower County, 156 Miss. 227, 125 So. 534 (1930), the Court said:
It is the settled law of this state that, in the absence of a statute providing otherwise, taxes or license fees voluntarily paid without protest cannot be recovered, although assessed and collected without legal authority.
See also 25 A.L.R.4th 186 (1983) [Recovery of Tax Paid on Exempt Property] and cases cited therein for the modern majority view, which coincides with this Mississippi authority.
This rule only comes into play "in the absence of a statute providing otherwise." The Commission's argument is premised on the lack of a remedy under § 27-7-313, which plainly does provide such a remedy. As this Court noted in Morco Industries immediately after the above quoted material:
The legislature has made statutory provision for the refund of erroneously paid amusement tax, corporate franchise tax, county school tax, estate, state income tax, interstate commercial carriers fuel tax, liquefied compressed gas tax, motor fuel tax, motor vehicle, ad valorem, excise, and privilege taxes, lubricating oil tax, sales tax, tobacco tax, withholding tax, as well as a comprehensive scheme for refund of any other ad valorem, excise, or privilege taxes erroneously paid to the paid.
Id. (emphasis added).
*1321 In Morco Industries there was no statutory authority for the refund of erroneous assessed municipal separate school district taxes. In Schmittler the taxes were for a privilege license for seining and netting fish in Sunflower County. City of Grenada involved a city privilege tax to operate a taxicab. The distinguishing factor is the nature of the tax involved. Section 27-7-313 provides a remedy for the wrongfully assessed income taxes which does not require for payment under protest. Nothing in the applicable statute requires that the payment must be under protest in order to get a refund.
There is no merit to this assignment of error.

4.

DO STATE REMEDIES SATISFY DUE PROCESS REQUIREMENTS?
In McKesson Corp. v. Div'n of Alcoholic Beverages and Tobacco, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), the Supreme Court stated:
Because exaction of a tax constitutes a deprivation of property, the State must provide procedural safeguards against unlawful exactions in order to satisfy the commands of the Due Process Clause. The State may choose to provide a form of "predeprivation process," for example, by authorizing taxpayers to bring suit to enjoin imposition of a tax prior to its payment, or by allowing taxpayers to withhold payment and then interpose their objections as defenses in a tax enforcement proceeding initiated by the State. However, whereas "[w]e have described `the root requirement' of the Due Process Clause as being" that an individual be given an opportunity for a hearing before he is deprived of any significant property interest, Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542, 84 L.Ed.2d, 105 S.Ct. 1487 [,1493] (1985) (citation omitted), it is well established that a State need not provide predeprivation process for the exaction of taxes.
496 U.S. at 35-38, 110 S.Ct. at 2249-51, 110 L.Ed.2d at 35-36.
Subsequently, in Harper v. Virginia Department of Taxation, the Court noted:
[The state] is free to choose the form of relief it will provide, so long as that relief is consistent with federal due process principles. A state retains flexibility in responding to the determination that it has imposed an impermissible discriminatory tax. The availability of a predeprivation hearing constitutes a procedural safeguard sufficient to satisfy due process, but if no such relief exists, the State must provide meaningful backward-looking relief either by awarding full refunds or by issuing some other order that creates in hindsight a nondiscriminatory scheme. Since any remedy's constitutional sufficiency turns (at least initially) on whether [state] law provides an adequate form of predeprivation process... .
509 U.S. at ___, 125 L.Ed.2d at 87, 113 S.Ct. at 2519.
In Strelecki v. Oklahoma Tax Commission, No. 77,615, 1993 WL 379008 (Okla. Sept. 28, 1993) that court looked at the due process teaching of Harper and stated:
What the High Court doubtless meant by its quoted language is that the taxpayer must be afforded an adequate opportunity to secure relief from the burden imposed by a constitutionally infirm tax statute. Were we to accept the Commission's argument, consideration would be foreclosed to all refund claims based on overpayment caused by a yet undeclared constitutional infirmity in the state tax structure. The urged-for construction clearly would make our law vulnerable to a due process attack. Taxpayers would be subjected to an incontestable loss of property contrary to the Court-declared state obligation. "The Due Process Clause of the Fourteenth Amendment obligates the State to provide meaningful backward-looking relief to rectify any unconstitutional deprivation... . In providing such relief a State may either award full refunds to those burdened by an unlawful tax or issue some other order that `creates in hindsight a non discriminatory scheme.'" Harper, 509 U.S. at ___, 113 S.Ct. at 2420 (quoting from McKesson, 496 U.S. at 31 and 40 and 110 S.Ct. at 2247 and *1322 2252). An effective and evenhanded mechanism for the state's return "in hindsight" of unconstitutionally exacted revenue is mandated by federal due process. Harper, 509 U.S. at ___, 113 S.Ct. at 2520. Its command will go unheeded if timely refund claims for voluntary pre-Davis overpayment are rejected out-of-hand as excludable by our statutory framework of available remedies.
Slip op. at 20.
The Tax Commission argues that because this State has adequate predeprivation process to satisfy the requirements of federal due process, the State may under federal guidelines deny the retirees a refund. Clearly, such a result is not required by federal or state constitutional considerations. Once having accepted that Mississippi meets the minimum requirements of due process, this Court must then look to what state law requires. The State, through legislative enactment may provide for more than minimum requirements of due process.
Under the statutory scheme enacted in this State, there is a clear procedural remedy provided in Miss Code Ann. § 27-7-313 for unlawfully exacted taxes. Where as here, there is an additional post deprivation remedy under state law there is no need to resort to any further questions of the minimum requirements under federal law. All that federal law requires is that the relief provided under state law be consistent with federal due process principles. McKesson, 496 U.S. at 51, 110 S.Ct. at 2258, 110 L.Ed.2d at 45.
The lower court correctly held that due process was satisfied and that refunds were called for.

CROSS-APPEAL

SHOULD THE COURT HAVE CERTIFIED A CLASS ACTION?
In the lower court, the Todd appellees sought to have the court find that a class action existed and to extend the ruling of the court to include all other persons similarly situated but not named in any of the consolidated cases. The lower court correctly found that there was no class action available in this case.
In enacting the Rules of Civil Procedure, this Court intentionally omitted Rule 23, which would have covered class actions. The comments to the Rules clearly state: "Class action practice is not being introduced into Mississippi trial courts at this time." This has not changed.
Prior to the enactment of the Rules of Civil Procedure, this Court recognized the possibility of class action suits as a matter of general equity jurisdiction in chancery court under limited circumstances. Barrett v. Coullet, 263 So.2d 764 (Miss. 1972). Even if this basis was available, the lower court made specific, supportable findings that the requirements for a class action were not met. The decision of the lower court is affirmed.
We note that the refund provisions of Miss. Code Ann. § 27-7-313 are open to all those taxpayers who pursue or pursued the claims procedure within the time limit provided by that statute regardless of whether they participated in this appeal. Claims for refunds must be made within three years of the date the tax return was due or from the date of an extension period granted as set forth in the statute.

CONCLUSION
These federal retirees are entitled to the same benefits under state law as any other taxpayer, including the tax refund provisions of Miss. Code Ann. § 27-7-313 as it existed when they sought its application. Nothing in this statute or other law requires that the tax be paid under protest to receive a refund.
The subsequent attempt to exclude only these taxpayers from the benefits of this state law remedy did not comport with state and federal constitutional guarantees and was properly found to be unconstitutional by the lower court. Since the prior Mississippi law provides a clear remedy to those who have erroneously paid taxes, this Court is compelled to affirm the decision of the lower *1323 court and hold that refunds are required as a matter of state law.
AFFIRMED ON DIRECT APPEALS AND CROSS-APPEAL OF JOHN THOMAS TODD AND PHILIPS T. COOLEY.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.