# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-IA-00185-SCT

*USF&G INSURANCE COMPANY OF MISSISSIPPI*

*v.*

*GEORGE K. WALLS AND ROXIE ANN WELLS*

## <u>ON  MOTION FOR REHEARING</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 05/16/2000 |
| TRIAL JUDGE: | HON. PERCY L. LYNCHARD, JR. |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | LUTHER T. MUNFORD |
| | FRED L. BANKS, JR. |
| | JANE E. TUCKER |
| ATTORNEYS FOR APPELLEES: | RICHARD T. PHILLIPS |
| | THOMAS ALAN WOMBLE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED TO THE CIRCUIT COURT OF PANOLA COUNTY-09/15/2005 |
| MOTION FOR REHEARING FILED: | 06/17/2005 |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.    The motion for rehearing is  granted.   The prior opinion is withdrawn, and this opinion is substituted therefor.

¶2.    Roxie Ann  Wells and George K. Walls were in a car wreck.  Roxie sued George, whose insurer was USF&G Insurance Company of Mississippi.   USF&G paid Roxie $22,632.50 for

the loss of her 1995 Chrysler Concorde, since George had rear-ended her with his 1991 GMC pickup. This claim was paid before any personal injury claim of Roxie was examined.

¶3.     Then Roxie attempted to recover from USF&G for her injuries. She was informed that George's policy had a single limit coverage of only $25,000 per accident–or just a little over two thousand dollars coverage left for that one accident. Roxie argued that the coverage was deficient under Mississippi statutory levels, and in a novel move, George agreed with her. Roxie dismissed her complaint against George, and together the two filed suit in chancery court against USF&G. However, we do not have before us today a complicated question of policy limits and insurance law. Instead, in their suit Roxie and George invoked an ancient Mississippi doctrine that has long been disfavored.

¶4.     Roxie and George filed suit in the Chancery Court of Panola County not just on behalf of themselves, but also "on behalf of a clearly ascertainable class of others similarly situated." This "class" allegedly consisted of USF&G insureds and those who were injured by USF&G insureds. The title of the complaint called it a "Class Action Complaint for Equitable and Injunctive Relief and Actual and Punitive Damages."

¶5.     USF&G objected to the complaint and moved to dismiss, arguing that class actions could not exist under Mississippi law. Despite its objections, the chancellor denied the motion and certified the plaintiff class. We granted USF&G's petition for interlocutory appeal, see M.R.A.P. 5, which asks one question: does Mississippi recognize "equitable class actions" in chancery, despite an omission of Rule 23 from our Rules of Civil Procedure? After a review of the history of the law, we answer that question in the negative.

## DISCUSSION

2

¶6. "Mississippi is one of only three states that never adopted Rule 23 as a part of their state rules of civil procedure." Richard T. Phillips, *Class Action & Joinder in Mississippi*, 71 Miss. L.J. 447, 453 (2001) ("Phillips"). "The other states which have no Rule 23 state court class actions, Virginia and New Hampshire, both expressly recognize 'equitable class actions' . . . in consumer litigation." *Id.* at 453 n.14. It has been theorized that Mississippi coped with the absence of a codified Rule 23 in three ways: "(1) the mass aggregation of individual claims under Rules 20 and 42 of the Rules of Civil Procedure, (2) the 'ancient equitable remedy' of the 'equitable class action' and (3) where all else fails, the prosecution of select individual cases for punitive damages." Phillips, at 455.

¶7. It sounds a bit irrational to speak of Mississippi's "adoption" of Rule 23 after remarking how Mississippi does not have class actions. Yet a rule *was* adopted—after a fashion. When the Rules of Civil Procedure went into effect on January 1, 1982, they read (and still read):

> Rule 23. Class actions. [Omitted].
> Rule 23.1. Derivative actions by shareholders. [Omitted].
> Rule 23.2. Actions relating to unincorporated associations. [Omitted]

¶8. The numbering is a byproduct of the patterning of the Mississippi Rules of Civil Procedure after the Federal Rules of Civil Procedure, which do have class actions. See *Owens v. Thomae*, 759 So.2d 1117, 1121 n.2 (Miss. 1999). The comment to Mississippi Rule 23 was meant to convey our reluctance to adopt the elaborate mechanisms of the class action, since "[f]ew procedural devices have been the subject of more widespread criticism and more

sustained attack—and equally spirited defense—than practice under Federal Rule 23 and its state counterparts."   Miss. R. Civ. P. 23 cmt.[1]

¶9.     Yet the comment was ambiguous.  The first sentence reads:   "[c]lass action practice is not *being introduced* into Mississippi trial courts at this time." (emphasis added). For it is a matter of fact and law that "class actions were recognized in Mississippi as a matter of general equity jurisdiction *long before* adoption of the Mississippi Rules of Civil Procedure," so no *introduction* was necessary.  Phillips, at 455 (emphasis added).  *See also **Marx v. Broom***, 632 So. 2d 1315, 1322 (Miss. 1994) (noting that "[p]rior to the enactment of the Rules of Civil Procedure, this Court recognized the possibility of class action suits as a matter of general equity jurisdiction in chancery court under limited circumstances").   This has long been accepted.   The "lawyer's bible" of chancery practice in Mississippi, *Mississippi Chancery Practice*, details the ambiguity. [2]  "It was not necessary to introduce class action, *as it already existed*."  Griffith,  *Mississippi Chancery Practice*, § 130 (2000) ("Griffith") (emphasis added).

---

[1] The Mississippi Rules of Civil Procedure were themselves the subject of "sustained attack" and "spirited defense" in their adoption phase.  The Rules were adopted unilaterally by a majority of the Supreme Court over the wishes of the legislature.  William H. Page, Constitutionalism and Judicial Rulemaking: Lessons from the Crisis in Mississippi, 3 Miss. C.L. Rev. 1, 6-7 (1982).  The furious "legislature immediately began to consider a proposal to remove the pro-Rules justices" in February of 1982, "using a near-forgotten provision of the state constitution."  *Id.* at 6-7.  The matter died down after a few months, with no justice removed from office. *Id.* at 7-9.  The justices were Chief Justice Neville Patterson, Presiding Justice L.A. Smith, Jr., and Justices Robert P. Sugg, Armis Hawkins, and Harry G. Walker; Presiding Justice Stokes V. Robertson, who was the sixth Justice who concurred in the majority opinion, had retired at the end of the previous year.  Dennis Camire, *Senators introduce measure to fire chief justice and 4 associates*, CLARION-LEDGER, Jan. 15, 1982, at A3.

[2] "Judge Griffith's excellent work," *Mississippi Chancery Practice*, was termed the "'lawyer's bible'" in ***Johnson v. Brewer***, 427 So. 2d 118, 124 (Miss. 1983).

¶10.     Furthermore, "[t]he Mississippi Code has long provided and *still provides* for costs in class action suits in the Mississippi chancery courts."   Phillips, at 458 (emphasis added); *see also* Griffith,   at § 130 ("[p]rovision is made for costs in class actions").   Miss. Code Ann. § 11-53-37 (Rev. 2002) , adopted in 1948, specifies:

> Where a party hereafter institutes a suit for the benefit of himself *and all others similarly situated*, and thereby there is in such suit recovered or preserved property or *a fund for the common benefit*, the chancery court may make an allowance to such party of the reasonable costs incurred, which costs shall include the necessary disbursements, and reasonable solicitor's fees, out of the property recovered or preserved *for the common benefit*.

(emphases added).  Section 11-53-37 presents a conflict with Rule 23.

¶11.     Three commentators have noted the statute's existence and simply relied upon the section as evidence that Mississippi has class action suits at equity.  *See* Geoffrey P. Miller & Lori S. Singer, *Nonpecuniary Class Action Settlements*, 60 Law & Contemp. Probs. 97, 146 (1997) (under the table "State Rules," showing that Mississippi "[r]ecognizes [a] common fund by statute," citing to Section 11-53-37); Phillips, at 458; Kurt A. Schwarz, Note, *Due Process and Equitable Relief in State Multistate Class Actions after* Phillips Petroleum Co. v. Shutts, 68 Tex. L. Rev. 415, 450 n.84 (1989) (offering that while "Mississippi has no formal rule [pertaining to class actions] . . . section 11-53-37 permits costs and attorneys' fees in successful class suits").

¶12.     The original version of the Encyclopedia of Mississippi Law also "recognized that in limited circumstances, class action suits might be possible within the general equity jurisdiction of the chancery court." J. Jackson, M. Miller, R.  Morton, and J. Matheny, *Civil*

5

*Procedure*, *in* 2 Ency. of Miss. Law § 13:59 (J. Jackson & M. Miller eds. 2001).[3]  It is also written that "[g]enerally . . . the class action remains an available remedy only in chancery[,] from whence it sprang."  T. Jackson Lyons, *Corporations*, *in* 3 Ency. of Miss. Law § 22:222 (J. Jackson & M. Miller eds. 2001) (citing Griffith).

¶13.    The conflict between the absence of class actions in Mississippi and Section 11-53-37 has also not gone unnoticed in jurisprudence outside of our court.[4]  When the Fifth Circuit considered a class action challenge to Mississippi's procedures for involuntary commitment of adults to state mental institutions, it examined in dicta the existence—or lack thereof—of class actions under state law.  *See* **Chancery Clerk of Chickasaw County, Miss. v. Wallace**, 646 F.2d 151, 155 (5th Cir. 1981).  Speaking of class actions, the district court noted that "'[t]here is no way to get that kind of suit into the state courts.'"  **Id.** at 155 n.8.  ¶14.   Yet the Fifth Circuit pointed to Section 11-53-37 as evidence there might be class actions, since the statute "allow[s] Mississippi courts to award attorney's fees from the common fund generated in a class suit."  **Id.**  That court also offered Section 75-24-15(4) as evidence that class actions might exist; that statute provides that "[n]othing in this chapter shall be construed to permit any class action or suit, but every private action must be maintained in the name of and for the sole use and benefit of the individual person."  The Fifth Circuit argued that a "provision expressly prohibiting consumer class actions . . . [would] thereby imply[]

---

[3] The cumulative update of the Mississippi Practice Series notes that **Booth** erases the class action at equity.

[4] Whatever the impact of the statute, it has been expressly held *not* to apply to attorneys' fees in public service litigation under the so-called "private attorney general rule."  **Fordice v. Thomas**, 649 So. 2d 835, 845 (Miss. 1995), *overruled on other grounds by* **USPCI of Miss. Inc. v. State ex rel. McGowan,** 688 So. 2d 783 (Miss. 1997).

*availability* of the class action mechanism." **Wallace**, 646 F.2d at 155 n.8 (emphasis added). The ancient maxim of "*expressio unius est exclusio alterius*" was thus quietly evoked—which acknowledges the inference that items not mentioned are excluded by deliberate choice, not inadvertence.

¶15.    That court also held that "Mississippi Supreme Court decisions lend support to this assessment," pointing to an older line of cases rejecting the *certification* of classes, but not the *conception* of class actions. **Id.**    The Fifth Circuit's opinion and all the cases it relied upon were reported before Mississippi's adoption of the Rules of Civil Procedure.

¶16.    Rule 81(f) of the Mississippi Rules of Civil Procedure provides that "[i]n applying these rules to any proceedings to which they are applicable, the terminology of any statute which also applies shall, *if inconsistent with these rules*, be taken to mean the *analogous device or procedure proper under these rules*."    Section 11-53-37 uses terminology—class action suits at equity—which is inconsistent with the omitted Rule 23.

¶17.    Rule 81 dictates that any inconsistency be resolved in favor of the "analogous device or procedure proper under these rules," but there is no analogous device.    There is a contradiction; on one side stands our established case law, which recognized class actions at equity, and our statute, which provides for costs in class actions suits.    On the other side stands our Rules of Civil Procedure, which omit class actions, and our recent jurisprudence, which do not recognize class actions at equity.

¶18.    Our modern jurisprudence—that is, after the 1982 adoption of the Rules–has apparently not been clear enough to alert practitioners and the bench that class actions no longer exist at equity.    In **Marx** we upheld a trial court decision that "there was no class action available *in*

7

*this case*." 632 So. 2d at 1322 (emphasis added). Since "the lower court made specific, supportable findings that the requirements for a class action were not met," the claim was barred *"[e]ven if* this basis [for the claim] *was available*." **Id.** (emphases added). We also noted that while we once "recognized the possibility of class action suits as a matter of general equity jurisdiction in chancery court under limited circumstances," that was *"[p]rior* to the enactment of the Rules of Civil Procedure." **Id.** (emphasis added).

¶19.    Nearly a decade later we were even more definitive. *Am. Bankers Ins. Co. of Fla. v. Booth*, 830 So. 2d 1205, 1209 (Miss. 2002), perceived "equitable class action[s] in chancery court" as more a legal "experiment" attempted by ambitious lawyers than an established legal fact in Mississippi. Through a review of cases, we determined that this "Court did not look with favor on class actions and allowed them only under rare circumstances," most notably where "'plaintiffs sought injunctive or other equitable relief in chancery court against governmental entities.'" **Id.** at 1211 (quoting Guthrie T. Abbott & Pope Mallette, *Complex/Mass Tort Litigation in State Courts in Mississippi*, 63 Miss. L.J. 363, 393 (1994)). The cause of action was rejected, since class actions at equity *"did not"* survive "the adoption of the Rules." **Id.** (emphasis added). However, neither **Marx** nor **Booth** considered Section 11-53-37.

¶20.    Section 11-53-37 is simply a relic from the time when class actions at equity *were* permitted in chancery court. While this is problematic, this "Court [should be] mindful that it has the *exclusive* power to make rules of practice, procedure[,] and evidence." *Claypool v. Mladineo*, 724 So.2d 373, 388-89 (Miss. 1998) (emphasis added).

¶21.    The conflict in *Claypool* is illustrative. At issue in that case was whether the Legislature

8

could enact statutes that created privileges that might "impede both the discovery portions of the Mississippi Rules of Civil Procedure and the privileges enumerated in the Mississippi Rules of Evidence." *Id.* at 377. The Court held that "where the Legislature enacts a statute creating a privilege it should be upheld, unless it conflicts with either the Mississippi Rules of Civil Procedure or the Mississippi Rules of Evidence." *Id.* at 388-89.

### *The case at hand.*

¶22. Section 11-53-37 explains how attorney's fees would be awarded in class actions in chancery. The only issue it directly addresses is the awarding of attorney fees *if* there was an equitable class action. If and when we choose to adopt a class action rule, Section 11-53-37 will become operable again, as it was decades ago. It serves no function at this moment in time because there are no class actions under the Mississippi Rules of Civil Procedure, whether in circuit or chancery court. There is no direct conflict between the omission of Rule 23 and the Mississippi Code because Section 11-53-37 only provides for attorney's fees *if* there is a class action.

¶23. At best, this statute raises an inference of the existence of class actions. However, an inference is not tantamount to a class action provision. Our Rules of Civil Procedure "apply to *all* civil proceedings" in circuit and chancery court. M.R.C.P. 81 (emphasis added); M.R.C.P. 1. Since there is no rule or statute which expressly or impliedly provides for class actions, we are compelled to conclude that they are not permitted in any legal proceedings in our state courts. Thus, the chancery court erred in concluding otherwise.

**CONCLUSION**

¶24.     This Court has the exclusive power to make rules of practice, procedure, and evidence. Accordingly, as we have not made a rule which provides for class actions, they are not a part of Mississippi practice–chancery, circuit, or otherwise. We reverse the judgment of the chancery court  denying USF&G's motion to dismiss and certifying  the plaintiff class, and we remand this case as an individual case to the Circuit Court of Panola County  for further proceedings consistent with this opinion.

¶25.     **REVERSED AND REMANDED TO THE CIRCUIT COURT OF PANOLA COUNTY.**

        **SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.  EASLEY, J., CONCURS IN RESULT ONLY.  DIAZ, J., NOT PARTICIPATING.**